MUNROE (UNITED STATES v.).    See Case No. 15,835.

---

## Case No. 9,931.

### MUNS v. DE NEMOURS.

[2 Wash. C. C. 463.] [1]

Circuit Court, D. Pennsylvania.    April Term, 1810.

REMOVAL OF CAUSES—AMOUNT INVOLVED—ACTION FOR DAMAGES.

1. In a case removed by the defendant from the state court to the circuit court, on the ground that the defendant was an alien, the damages laid in the writ exceeded five hundred dollars, and bail to a much larger amount was given, which were *held* sufficient to give jurisdiction.

2. It has been frequently determined, that the damages laid in the declaration, give the jurisdiction as to the matter in dispute.

[Cited in Ladd v. Tudor, Case No. 7,975; Kanouse v. Martin, 15 How. (56 U. S.) 208.]

[Cited in Abbott v. Gatch, 13 Md. 335.]

3. The damages laid in the writ, and in the plaintiff's affidavit, are equally conclusive, as to the amount in controversy, for the purposes of jurisdiction.

This was an action brought in the state court, and sounds altogether in damages. The damages laid in the writ exceeded five hundred dollars, and bail to a larger amount was given there, and had been given here. The state court having, upon the petition of

the defendant [Dupont de Nemours], directed the cause to be removed to this court, the defendant being an alien, the only question was, whether it ought to be received and docketed, the damages being uncertain.

BY THE COURT. It has been frequently determined, that the damages laid in the declaration, gives the jurisdiction as to the matter in dispute. The damages laid in the writ, and established by the affidavit of the plaintiff, on which bail has been taken, is equally conclusive, or else no suit could be removed from a state to a federal court, where the claim is for damages; since the petition to remove must be at the time of entering an appearance, before the declaration is usually filed. Action ordered to be docketed.

[At the trial of this cause the plaintiff was nonsuited. Case No. 9,926.]