## NELSON *v.* HENNESSEY and another.

*(Circuit Court, D. Minnesota. December 15, 1887.)*

REMOVAL OF CAUSES—CITIZENSHIP—PARTIES.

 In an action for damages for the death of plaintiff's intestate, caused by the falling of a building, the owner of the building, a resident of another state, and the tenant in occupation a resident of the state where action was brought were joined as parties defendant. The complaint did not show that the tenant was in any way responsible for the unsafe condition of the building, or that he was bound to put the building in good condition, but alleged merely that he was the tenant in occupation. *Held,* that the tenant was improperly joined as a defendant, and such joinder could not operate to defeat a nonresident defendant's right of removal from the state court to the federal court.

On Motion to Remand.

Otto J. Nelson, as administrator, brought action for damages for the death of his intestate, caused by the falling of a building, making David J. Hennessey, the owner of the building, and Johnson, the tenant in occupation, defendants. Hennessey was a resident of another state, and on that ground secured a removal to the federal court. Plaintiff then moved to remand, as only one of the defendants was a resident of another state, and the action was for a joint tort.

*Berryhill & Davidson,* for plaintiff.

*Lawler & Derment,* for defendants.

BREWER, J. This is a motion to remand. The complaint charges the death of the plaintiff's intestate through the negligence of the defendants, and seeks to recover therefor. There are two defendants, Hennessey and Johnson. Hennessey, by reason of difference of citizenship, would be entitled to a removal. Johnson, being a citizen of the same state with the plaintiff, would not. It is claimed that this is an action for a joint tort, and therefore, unless both defendants have a right of removal, this court cannot take jurisdiction, and the case must be remanded. This is undoubtedly true if the complaint discloses a joint tort. But it is also true that, where there has been a tort committed by one party, the plaintiff cannot join another and merely nominal party, as defendant, so as to prevent a removal to which the real defendant is entitled. Now, this complaint charges that the defendant Hennessey was the owner of a building; that it was unsafe, the foundation insecure; that its condition was known to Hennessey; and that, by reason of its falling, plaintiff's intestate was injured and killed. There thus appears a cause of action against this defendant, through whose negligence the injury was occasioned. Then, as to the defendant Johnson, it simply alleges that he was a tenant in occupation of the building. It nowhere appears that the building was safe and secure when Johnson leased it, and that, through his negligence, it became insecure and unsafe, and there is no allegation that the tenant was under any contract or other obligation to repair the building or make it secure,—nothing but the simple fact that Johnson was the tenant and in occupation. Now, a tenant

takes a building as he finds it, and if he preserves it in the same condition in which he received it, he is not liable for any injury which results alone from such condition. He must be guilty of some wrong, either of negligence, causing the insecurity and instability, or of disregard of some contract obligation to put it in repair and good condition. Clearly, so far as is disclosed, he was under no responsibility for the injury. He was therefore improperly joined. The only real party is the owner of the building, and as he is a citizen of another state, he is entitled to a removal to this court.

Motion to remand overruled.