## SOUTHERN RAILWAY COMPANY *v.* HUDGINS.

Taking as true the plaintiff in error's petition for removal, there were not
    sufficient facts set out in the declaration of the plaintiff in the court be-
    low to authorize the court to hold that the plaintiff in error was a Geor-
    gia corporation as to that part of its line where the damages were alleged
    to have occurred.

                Argued June 15,—Decided July 26, 1899.

Petition for removal of cause.   Before Judge Fite.   Gordon
superior court.   August term, 1898.

*Shumate & Maddox,* for plaintiff in error.   *W. H. Dabney,
F. A. Cantrell,* and *R. J. & J. McCamy,* contra.

SIMMONS, C. J.   Mrs. Hudgins brought an action against the
Southern Railway Co.   In her petition she set up the follow-
ing facts to show that the defendant was a domestic (Georgia)
corporation as to that part of its road which ran through her
land :   "That by an act of the legislature of the State of Geor-
gia, approved March 2nd, 1875, Edward D. Cowman, D. S.
Appleton,  ,  .  were incorporated as a body corporate under
the name and style of the Georgia Southern Railroad Com-

pany, to enable them to operate a line of railroad, running from Dalton, Ga., to the Alabama State line, which runs through said lot of land. Said line of railroad has descended through different conveyances, and is now, and was at the time of the acts hereinafter enumerated, in the possession of the Southern Railway Company, a body politic and corporate under the laws of the State of Virginia. That having taken advantage of the rights and privileges granted the Georgia Southern Railroad Company and being in the enjoyment of the same, the said Southern Railway Company became, as to this line of road, a domestic corporation subject to the same liabilities as the Georgia Southern Railroad Company which it succeeded. That said Southern Railway Company is operating said line of railroad through said county of Gordon and has an office and agent in said county, and is therefore subject to suit in said county of Gordon as a domestic corporation." At the proper time the railway company filed a petition setting up that it was a foreign corporation, and asking that the case be removed to the circuit court of the United States. It gave a sufficient bond and complied fully with the law governing the removal of cases from a State to a Federal court. The trial judge, after considering the record and the petition for removal, decided that, as to this part of its road which ran through the county of the plaintiff's residence and by which she alleged she had been damaged, the defendant was a Georgia corporation and not a foreign one. He accordingly refused to remove the case. The company excepted. The general rule as to the removal of cases from a State to a Federal court is, that when a petition is filed showing proper cause for removal, and a bond given according to the act of Congress, the case is ipso facto removed. Where the right of removal does not clearly appear, the rule seems to be that the State court may take into consideration the whole record, including the petition for removal, and may decide whether or not the cause of removal exists. If any issue of *fact* is raised, the State court has no jurisdiction to pass upon it, but must allow the removal and let that issue be tried by the judge of the Federal court. In the present case, after a careful examination of the record filed in the State court and

of the petition for removal, we disagree with the learned trial judge in regard to the legal conclusion to be drawn from the facts alleged in the petition filed by the plaintiff in the court below.

Taking as true the petition for removal, we think the petition of the plaintiff does not set out facts sufficient to enable the court to decide that this was a domestic and not a foreign corporation. It is true that the plaintiff's petition alleges that the Georgia Southern company was incorporated by the Georgia legislature, and that it descended by various conveyances and is now in the possession of the defendant, and that, "having taken advantage of the rights and privileges granted the Georgia Southern Railroad Company and being in the enjoyment of the same, the said Southern Railway Company became, as to this line of road, a domestic corporation subject to the same liabilities as the Georgia Southern Railroad Company which it succeeded." The plaintiff does not allege by what kind of conveyances the Georgia Southern descended and came into the possession of the defendant. As far as appears from this record, it may have been by quitclaim or by lease, or the conveyance may not have included the franchises granted by the State to the domestic corporation. Indeed, the petition fails to show that the defendant has possession of the road by any sort of conveyance. It may be enjoying the rights and privileges conferred upon the Georgia Southern under a quitclaim or under a lease or a mere contract of rental. The allegation that the defendant is a domestic corporation as to that part of the road which runs through the county of the plaintiff's residence is a mere conclusion of the pleader, and is denied in the petition for removal. The case of *Angier* v. *Railroad*, 74 *Ga.* 634, was relied on by counsel for the defendant in error, and was the only case cited by him. · We think the facts in this case differ materially from the facts in that. In that case the allegations were, in substance, that the defendant company had purchased from a domestic railway corporation all its "rights, titles, properties, franchises, powers and privileges," and had "assumed all its debts or obligations of every sort," and that the two corporations had thereby become merged and consolidated as one, under the name of the foreign corporation, under its

charter and the charter granted by the State of Georgia to the domestic corporation. In the petition in the case now under consideration, the allegations are materially different from these, as we have already shown. It will be seen that in the *Angier* case, supra, Jackson, C. J., lays great stress upon the words of the charter authorizing the sale and upon the terms of the contract of sale, and says that the charter and contract made the purchasing company a domestic corporation. The doctrine of the *Angier* case will not be extended, as, in my opinion, in the light of recent decisions of the Supreme Court of the United States and of other Federal courts, its soundness is doubtful. The case of Railroad Co. *v.* Koontz, 104 U. S. 5, seems to control this case, and seems to be in conflict with the *Angier* case, but is not mentioned in the opinion in the latter case. See also Chicago Ry. Co. *v.* Dakota Co., 28 Fed. Rep. 219; Callahan *v.* Railroad Co., 11 Fed. Rep. 536; Conn *v.* Railroad Co., 48 Fed. Rep. 177; Black's Dillon on Removal of Causes, § 98, p. 162.

*Judgment reversed. All the Justices concurring.*