## LOUISVILLE & NASHVILLE RAILROAD COMPANY *v.* NEWMAN.

1. A suit against two railroad companies, one a foreign corporation and the other a domestic corporation, in which the petition sets forth no cause of action whatever against the domestic corporation, either as a joint wrong-doer with a foreign corporation or otherwise, and the amount in controversy exceeds two thousand dollars, is removable to the Federal

court, on the application of the foreign corporation, upon the ground of diverse citizenship.

2. It has been judicially determined that the petition in the present case sets forth no cause of action against the domestic corporation therein named as a defendant.

Argued April 19,—Decided May 15, 1907.

Application to remove case to United States court. Before Judge Fite. Gordon superior court. May 12, 1906.

*King, Spalding & Little* and *Clay & Blair,* for plaintiff in error. *Thomas W. Skelly* and *R. J. & J. McCamy,* contra.

ATKINSON, J. This was a suit against the Louisville & Nashville Railroad Company, a foreign corporation, and the Atlanta, Knoxville & Northern Railway Company, a corporation of this State. The Louisville & Nashville Railroad Company filed an application to remove the case to the Federal court, upon the ground of diverse citizenship. This application was refused, and the Louisville & Nashville Railroad Company excepted. When a resident and a non-resident are sued in the State court upon a joint cause of action, the case is not removable to the Federal court. *Southern Railway Co.* v. *Grizzle,* 124 *Ga.* 741. If the cause of action is not joint, but the resident is a necessary party to the determination of the controversy between the plaintiff and the non-resident, the case is not removable. *Western Union Tel. Co.* v. *Griffith,* 104 *Ga.* 56 (2) ; *Withers* v. *Hopkins Savings Bank,* Id. 89; *Paulk* v. *Ensign-Oskamp Co.,* 123 *Ga.* 467. If the case is separable into parts, so that in one of the parts a controversy will be presented wholly between citizens of different States, which can be fully determined without the presence of the other parties to the suit, the case is removable at the instance of the non-resident defendant. Foster's Fed. Pr. §384. That is, if the petition sets forth two separate controversies, one against the non-resident defendant, and the other against the resident defendant, and the one against the non-resident defendant can be wholly determined without reference to the rights of the resident defendant, the case is removable. It would seem, for a stronger reason, that if the plaintiff has set forth a cause of action against the non-resident defendant, but has joined in the suit a resident defendant against whom he fails to set forth any cause of action whatever, the case would also be removable. It has been judicially determined that the petition in the present case sets forth no cause of action what-

ever against the resident defendant, either as a joint wrong-doer with the non-resident defendant or otherwise. *Atlanta, Knoxville & Northern Ry. Co.* v. *Newman,* ante, 281. The judge erred in refusing to grant the order for the removal of the case.

*Judgment reversed. All the Justices concur.*