# SUPREME COURT

OF THE

## STATE OF COLORADO.

## APRIL TERM, 1911.

[No. 5788.]

## STRATTON'S INDEPENDENCE, LIMITED, v. STERRETT, ADMINISTRATRIX.

1. REMOVAL OF CAUSES—*Fraudulent Joinder of Defendant to Prevent*—An alien or citizen of another state has an absolute right, in a proper case, to remove to the federal court a cause pending against him in the state court, and this right is not to be defeated by joining as defendants, residents and citizens who have no interest in the controversy—(23).

A plaintiff may join resident citizens as defendants, in his action against an alien or non-citizen, for the sole purpose of preventing the removal of the cause, provided he has a joint cause of action; but where in such case his complaint wholly fails to state a joint cause of action, such failure warrants the conclusion that the joinder of the resident and citizen defendants was fraudulent—(27, 34).

Where a miner suing for an injury attributed by his complaint to the alleged joint and concurring negligence of his employer, an alien corporation, and the tram-boss and shift-boss, his immediate superiors, residents and citizens, in permitting the place of his work to be unsafe, not averring that the corporation had delegated to these individual defendants, or either of them the duty to make the place safe, it was *held* that no cause of

action was shown as against them, and not withstanding their joinder the alien corporation was entitled to remove the cause.

An averment that the tram-boss had assured plaintiff that the place was safe, and ordered him to continue working there, not alleging that the tram-boss had any authority in this respect from the company, was held to state an independent cause of action against the tram-boss alone, which the corporation was in no manner responsible, and which therefore was no impediment to the removal of the cause on its petition—(27).

2. ——*Issue of Fact*—Where a citizen and resident plaintiff institutes his action against citizen and resident defendants, and an alien defendant, a petition for removal, by the alien defendant, alleging that the individual defendants were fraudulently joined, merely to prevent the removal of the cause to the federal court, presents an issue of fact triable only in the federal court, and the cause is removable, for this reason alone—(27).

3. ——*Petition*—Where the complaint in the cause sought to be removed shows upon its face grounds for removal, it is not necessary to repeat in the petition the facts so disclosed.—(29).

4. ——*Effect of Petition and Bond*—Where a petition showing grounds to remove the cause to the federal court is presented, with a sufficient bond, the jurisdiction of the state court, except to grant the petition, is ousted, the cause is at once removed, and all other proceedings in the state court are *coram non judice*—(30).

5. PARTIES—*Joinder of Defendants—Joint Torts*—Two or more are not to be joined as defendants to an action for a tort, merely because each is liable therefor. The injury must be the result, in some sense, of their joint action, before they can be made jointly liable therefor—(26).

6. PLEADINGS — *Complaint — Construction* — A complaint against a mining corporation and two of its subordinate officers, for an injury to a common miner, attributed to the joint and concurring negligence of all the defendants, construed and held to state no cause of action as against the defendants jointly—(24, 25).

*Appeal from Teller District Court*—Hon. ROBERT E. LEWIS, Judge.

Messrs. DORSEY & HODGES, for appellant.

Mr. JOHN M. GLOVER, for appellee.

Judgment reversed.

Cause remanded with directions.

Mr. JUSTICE GABBERT delivered the opinion of the court.

Sterrett, plaintiff below, by his next friend, Minnie L. Sterrett, brought suit against appellant and Angus MacDonald and Robert McKenzie, as defendants, to recover damages in the sum of fifty thousand dollars, claimed to have been sustained by the joint and concurring negligence of these parties. The individual defendants demurred to the complaint upon the ground that it did not state facts sufficient to constitute a cause of action against them, or either of them. The defendant corporation was engaged in mining, and for convenience will be referred to as the Mining Company. In apt time, the Mining Company, under the provisions of the Act of Congress relating to removal of causes from state to federal courts (U. S. Comp. Stats. 1901, p. 508 *et seq.*,) filed a petition and the requisite bond, duly approved, to remove the cause to the circuit court of the United States for the District of Colorado, which was denied. Thereafter it filed a general and special demurrer to the complaint. This demurrer, and also the one filed by the other defendants, was overruled. Each of the defendants then answered separately, to the affirmative defenses of which the plaintiff replied. The trial resulted in a verdict and judgment against the Mining Company in the sum of ten thousand dollars, and a verdict, as directed by the Court, in favor of the defendants, MacDonald and McKenzie. The Mining Company appeals. Since the appeal plaintiff has died, and his next friend has been substituted as the representative of his estate.

Two classes of errors are assigned: (1) That the court erred in denying the petition to remove the cause to the federal court; and (2) errors, relating to the rulings on the demurrers to the pleadings, and those claimed to have been committed at the trial. We shall first consider the action of the trial court in denying the petition of the Mining Company to remove the cause to the federal court, for the reason that if it should be found that the court erred in denying the petition, then it is wholly unnecessary, as well as improper, to consider the other errors assigned.

The complaint alleged that plaintiff and his next friend, and defendants MacDonald and McKenzie, were residents of the State of Colorado; and the petition for removal, after alleging that the matter in dispute exceeded, exclusive of interest and costs, the sum of two thousand dollars, that Sterrett and his next friend were residents and citizens of the State of Colorado, and that the Mining Company, at the time of the commencement of the action was, and ever since has been a corporation organized and existing under and by virtue of the laws of the Kingdom of Great Britain, and a citizen and resident thereof, was based substantially upon the following grounds or averments:

That, in fact, there is no real controversy between the plaintiff and the individual defendants, or either of them; that neither of these parties is a real defendant, but are fictitious and sham defendants; that they were not joined with petitioner in good faith, and with the intent and purpose of prosecuting a *bona fide* claim against them, but were fraudulently joined, as defendants, for the purpose of preventing a removal of the cause to the federal court by petitioner; that the facts alleged in the complaint do not constitute joint or concurring negligence upon the part of petitioner, and these defendants, or either of them; that these defendants are not necessary or indispensable

parties to the action; that the controversy is wholly between the petitioner (a foreign subject and non-resident of Colorado), and plaintiff and his next friend, who are citizens and residents of Colorado, which can be fully determined as between them without the presence of the defendants, McKenzie and MacDonald; and that such separable controversy between petitioner and plaintiff and his next friend arises upon the allegations of the complaint.

For the purpose of considering the petition to remove, it becomes necessary to consider the averments of the complaint, which, after alleging that the defendants, MacDonald and McKenzie, were operatives, agents and employes of the Mining Company; that they, plaintiff and his next friend at all times mentioned were residents of the state of Colorado, and the defendant company a corporation organized and existing under the laws of Great Britain, alleges:

"4.    That on, to-wit: The 18th day of January, 1904, at the County of Teller, State of Colorado, the aforesaid Harry Sterrett was an employe of the said The Stratton's Independence, Limited, engaged under the direction and control of the defendants, Angus MacDonald and Robert McKenzie, on the 100th level of the underground workings of the mine of the said Stratton's Independence, Limited, in Teller County, Colorado, in shoveling broken bodies of rock as by them directed, and the said Harry Sterrett was, in said work, under the immediate direction of the said Robert McKenzie, who was known as the "tram boss"; and the said Robert McKenzie was himself working under the immediate control and direction of the said Angus MacDonald, who was known as the "shift boss," in charge of the body of men of which the said Harry Sterrett was one; and the said Angus MacDonald was under the immediate direction and control of the said

Stratton's Independence, Limited, and its executive officers.

5. That by the joint and concurring negligence of all of the defendants herein, the underground chamber or gallery in which the said Harry Sterrett was so working, contained, in the roof and sides thereof, partially loosened bodies of rock, liable at any time to fall and kill him and others working beneath and adjacent to the same; and the said defendants had for some days previous thereto negligently permitted this condition of things to remain, and negligently failed to have the said chamber or gallery properly timbered, and thereby protected in accordance with the due care and prudence required in careful mining operations.

6. That the said Harry Sterrett was very inexperienced, but a short time previous to the injury hereinafter detailed spoke to said McKenzie and called his attention to this condition, and asked if the place was safe to work in, whereupon the said McKenzie assured him that it was safe, and positively ordered him to continue to work there; and the said plaintiff, relying upon the greater experience of the said McKenzie, believed the conditions to be safe, and therefore continued to work, and this was before the injury hereafter detailed; and the plaintiff was relying in good faith upon the said assurance when so injured.

7. That on the 18th day of January, 1904, about three o'clock in the afternoon, while the plaintiff was so engaged under the direction of the said McKenzie in performing the work which the said McKenzie had ordered him to perform, a portion of this loosened rock fell, without warning, and struck the plaintiff, * * *."

The paragraph then details the injuries sustained, and concludes: "That by reason of the premises and the conjoint and concurrent negligence of the defendants, the plaintiff has suffered the injuries hereinbefore described, and has been damaged in the sum of fifty

thousand dollars ($50,000.00), for which amount and the costs of this suit, he prays judgment."

The plaintiff and his next friend were citizens of this state, and the defendant Mining Company a citizen of the Kingdom of Great Britain. The defendants, McKenzie and MacDonald, were also residents of Colorado. If, then, it should appear, from an analysis of the complaint, that a cause of action is not stated against either of these parties, or that a controversy existed wholly between plaintiff and the Mining Company, which could be fully determined as between them, without the presence of the other defendants, who were residents of this state, the petition for removal should have been granted.

The basis of plaintiff's cause of action is the alleged joint and concurring negligence of the defendants. An action of tort for which several are jointly responsible, according to the averments of the complaint, may be brought against all, or one or more of them. Where, however, the resident defendants are joined with a non-resident, in an action of that character, brought in a state court, and it appears that a cause of action for the alleged tort is not stated against the resident defendants, or either of them, the mere fact that they are so joined does not prevent the non-resident defendant from removing the case to the federal court, upon the ground that they were fraudulently joined for the purpose of preventing such removal. We make this the test because upon both reason and authority such defendants are sham and fictitious; consequently, they are improperly joined, their presence is unnecessary, and their joinder in such circumstances will not defeat an application for removal on the part of the non-resident defendant.—*Arrowsmith v. Nashville & D. R. Co.,* 57 Fed. 165; *Hukill v. Maysville & B. S. R. Co.,* 72 Fed. 745; *Prince v. Ill. Central R. Co.,* 98 Fed. 1; *Nelson v. Hennessey,* 33 Fed. 113;

*Cin., N. O. & T. P. Ry. Co. v. Robertson,* 74 S. W. (Ky.) 1061; *Davis, Admr., v. Ches. & O. Ry. Co.,* 75 S. W. (Ky.) 275; Moon on Removal of Causes, § 131.

It has also been held that when it appears a cause of action is not stated against the resident defendants, they should be eliminated, and the case treated as one against a non-resident alone.—*Cella v. Brown,* 144 Fed. 742; *Louisville & N. R. R. Co. v. Newman,* 128 Ga. 283.

The important question, then, to first determine, is, does the complaint state a cause of action against MacDonald and McKenzie, or either of them? The gist of the charge against the Company is, that it negligently permitted the part of the mine, in which plaintiff was employed to be and remain in a dangerous condition. Conceding that a cause of action is stated as against the company, because of its failure to exercise legal care in maintaining the place in the mine in which plaintiff was employed in a reasonably safe condition, what is charged with respect to the other defendants on this subject?

It is alleged that they were operatives, agents and employes of the defendant company; that plaintiff was under the immediate direction of McKenzie, who was the "tram boss"; that McKenzie was under the immediate control and direction of MacDonald, who was known as the "shift boss," in charge of the men, of which the plaintiff was one, and that MacDonald was under the immediate direction and control of the company and its executive officers. It is then charged, in substance, by paragraph 5 of the complaint above quoted, that by the joint and concurring negligence of all the defendants, the place in the mine in which Sterrett was employed was unsafe, in that it contained, in the roof and sides thereof, partially loosened bodies of rock liable to fall and injure him, and that defendants had for some days previous to his injury, negligently permitted this condition to remain, and had negligently

failed to have the place in the mine where plaintiff was working properly timbered. In brief, the negligence charged upon which plaintiff relies as joint and concurring is, that the defendants failed to keep and maintain the place in the mine in which plaintiff was employed in a reasonably safe condition.

Plaintiff may have charged the defendant company with negligence in this respect, but has wholly failed to charge the other defendants with negligence on this score. So far as they are concerned, the complaint proceeds upon the theory of non-feasance on their part. If they could be held liable for negligence in this respect (a question upon which it is not necessary to express an opinion), the complaint wholly fails to state facts from which it appears that they were guilty of negligence as the result of their non-feasance. Merely alleging that they negligently failed to timber the place where plaintiff was employed was but the conclusion of the pleader, without stating the facts upon which such a conclusion was based. There is not an allegation, nor is there an averment. in the complaint from which it can be inferred, either directly or indirectly, that the defendant company had delegated to the individual defendants, or either of them, its duty to make the place safe where plaintiff was working by timbering or otherwise. If it was not their duty to make this place safe, then clearly the failure to do so did not give to plaintiff a right of action against them, because they had not violated any duty which by virtue of their employment they owed him.

We shall next consider paragraph 6 of the complaint, although counsel for plaintiff says, in his brief, that "No cause of action is urged against McKenzie for giving a negligent order or assurance to the plaintiff. Neither the order or the assurance are even alleged to have been negligent. The purpose of these averments was simply to ward off the defenses of

assumed risk and contributory negligence, which might otherwise have appeared on the face of the complaint and made it demurrable.". With this admission, we might decline to consider the paragraph further; but it is evident that if any cause of action is therein stated, either by itself or in connection with the other averments of the complaint, it is against McKenzie alone. It does not appear that he had any authority, by virtue of his employment, to determine whether the place in which plaintiff worked was safe, or that it was his duty to keep it in that condition. The company had not delegated to him the performance of any duties which it owed the plaintiff in these respects; so that he could not be held responsible for failure to fulfill a duty imposed upon him by his employer even if mere non-feasance would have made him personally liable to plaintiff.

Conceding, then, that a cause of action is stated against the company for failure to properly timber the mine, and that a cause of action is also stated against McKenzie as the result of his acts under consideration, neither is responsible for the alleged wrong of the other. Each stands on independent ground. In order to maintain an action against several defendants for a tort it is essential that the wrong complained of was caused by their joint action. Persons are not jointly liable for a tort merely because they have some connection with it. It is not sufficient that the injured party has, on certain grounds, a cause of action against one for a physical tort, and has, on entirely different grounds, a cause of action against another for the same tort. There must be something more than the existence of two separate causes of action for the same act, to enable him to join the two parties liable in a single action. In brief, the injury must, in some sense, be their joint work before a joint action can be maintained.—*Keyes v. L., Y. G. W. & W. Co.*, 53 Calif. 724;

Bliss on Code Pleading, § 83; Pomeroy's Code Remedies, § 308; *Selick v. Hall,* 47 Conn., 260.

In as much, then, as the company and McKenzie could not be joined in the action, it necessarily follows that, although a cause of action may be stated against each, they must be determined independently of each other, and are, therefore, separable. We conclude, then, that the petition for removal should have been granted, because it appears that the defendant company is a citizen of the Kingdom of Great Britain; that plaintiff and his next friend are residents of the state of Colorado; that the individual defendants, although residents of the state, are sham and fictitious; that a cause of action is not stated against either of them; or, if one is stated, it is against McKenzie only, for which the company is in no wise liable, neither is he liable for the alleged negligence of the defendant company.

We have not discussed or considered the proposition urged by counsel for the Mining Company, that, according to the averments of the petition for removal, an issue of fact was tendered, to the effect that the resident defendants were fraudulently joined as a mere pretense and device to oust the jurisdiction of the federal court, in that as a matter of fact, plaintiff had no cause of action against such defendants, or either of them, and did not intend to prove any of the acts of negligence alleged against them, or to prosecute his alleged cause of action against either of these parties, and that, therefore, the case should have been transferred to the federal court for the trial of this issue, for the reason that, under the view we take of the case, it is not necessary. Of course, if the petition does tender such an issue, then the case was removable for that reason alone, independent of the other grounds upon which the mining company based its right to a removal.

The case of *The Chesapeake & Ohio Ry. Co. v. Dixon*, 179 U. S. 131, is cited by counsel for plaintiff in support of his contention that under the allegations of the complaint the cause was not removable. In that case the only question presented for determination and passed upon, was, whether a separable controversy appeared on the face of plaintiff's petition or declaration. Dixon was crossing the tracks of the railroad company on a public highway, and was run over by a train. The engineer and fireman in charge of the train were joined as defendants in a suit against the railroad company. The court of appeals of Kentucky had affirmed the judgment of the state trial court denying the application of the railroad company to remove the cause to the federal court, based upon the ground that according to the averments of the complaint, the negligence charged was joint and concurrent. The supreme court adopted this construction, and held that, under the averments of the complaint, it might be shown that the engineer and fireman had been guilty of active negligence in operating the train which caused the injury, by running it at an excessive rate of speed. Of course, on a showing of that kind all the defendants would be jointly liable. The company would be responsible for the negligence of its engineer and fireman in that respect, and in turn, they would also be liable for their active negligence in the premises. In the case at bar, however, negligence is not charged against the individual defendants, or, if it is charged against McKenzie, it appears that the company was not responsible therefor, neither was he liable for the alleged negligence of the corporation; so that the Dixon case is not applicable in any sense to the case under consideration.

*The Stratton, Cripple Creek M. & D. Co. v. Ellison*, 42 Colo. 498, is also cited by counsel for plaintiff, but it has no application to any proposition which we have

determined in the case at bar.   In the Ellison case the application for removal was based entirely upon the ground that a separable controversy existed between plaintiff and the two parties joined as defendants.   It was determined (and very properly so), that this question must be determined solely from the complaint, which was held to state, from the facts alleged, joint and concurrent acts of negligence of the defendants. It should be observed, however, that the liability of an employe to third parties for mere non-feasance was neither considered nor discussed.   The distinguishing feature between the Dixon and Ellison cases, and the one at bar, is, that in these cases it was held that on the face of the respective complaints the facts alleged charged joint and concurrent negligence on the part of the defendants, which is not true of the complaint in the case under consideration.   It should also be noted that those cases do not hold that an allegation of joint and concurrent negligence only, states a joint cause of action.

On behalf of plaintiff counsel contends that the petition for removal is insufficient and should not be considered, because it does not present an issuable fact, and that conclusions of law are merely stated, instead of the facts upon which the grounds for removal are based.   The proposition is not applicable.   Where, as in the case at bar, the complaint to which the petition for removal is directed shows upon its face that grounds for removal stated in the petition exist, it is not necessary to repeat in the petition the facts so disclosed by the complaint.—*Boatmen's Bank v. Fritzlen,* 135 Fed. 650.

It is also urged by counsel for plaintiff that the petition for removal should not be considered because it is not incorporated in the bill of exceptions, nor was any exceptions saved to the ruling of the trial court in refusing it.

Counsel for defendant company contend that under the provisions of our code, it is unnecessary to bring into the record, by bill of exceptions, the petition for removal. It is not necessary to determine this question. The supreme court of the United States has directly decided that the petition and bond for removal, when presented to a state court, as well as the order thereon, are a part of the record in the cause, or must be considered on review without regard to what the code provisions of the state may be defining what constitutes the record proper.—*Penn. Co. v. Bender,* 148 U. S. 255; *Kanouse v. Martin,* 15 How. 198; See, also, *Insurance Co. v. Pechner,* 95 U. S. 183; *Gold Washing & Water Co. v. Keyes,* 96 U. S. 199; *Bur-, C. R. & M. Ry. Co. v. Dunn,* 122 U. S. 513; *Crehore v. O. & M. Ry. Co.,* 131 U. S. 240; *Donovan v. Wells-Fargo Co.,* 169 Fed. 363; *Delashmutt v. C., B. & Q. Ry. Co.,* 126 N. W. (Iowa) 359.

When, by a petition for removal duly presented, accompanied by the requisite bond, which is approved, a removable cause is disclosed, the jurisdiction of the state court ceases, and the jurisdiction of the proper federal court at once attaches. The authority of the state court is then limited to an order transferring the cause. All other proceedings by the state court are *coram non judice,* unless its jurisdiction is restored.— *Steamship Co. v. Tugman,* 106 U. S. 118; *Postal T. & C. Co. v. So. Ry. Co.,* 88 Fed. 803; *Boatmen's Bank v. Fritzlen, supra.*

In other words, if the petition for removal. read in the light of the pleadings in the case, shows a removable cause, and the bond tendered is sufficient, the cause is removed, without reference to the action of the state court; consequently, an exception to the order denying a petition to remove in such circumstances is not necessary.—*Shohoney v. Quincy, O. & K. C. Ry. Co.,* 122

S. W. (Mo.) 1025; *L. R., M. R. & T. Ry. Co. v. Iredell*, 50 Ark. 388.

The constitution of the United States and the acts of congress have granted to a defendant when sued in a state court of a state of which he is not a citizen, by a citizen of the state in which the action is brought, the right to remove the cause to a federal court. It is the duty of the state courts to fully protect these rights, without regard to what the real merits of the controversy may be. Those are matters which the nonresident has the absolute right, in a proper case, to have tried and determined in the federal court. The plaintiff can not deprive him of this right by joining as defendants those whom the complaint discloses have no interest whatever in the subject matter of controversy, or are sham and fictitious.

In discussing and determining this case, it will be borne in mind that we have done so without regard to the employers' liability act, for the reason that it is not involved.

The judgment of the district court is reversed and the cause remanded, with directions to transfer the cause to the circuit court of the United States for the District of Colorado, as prayed for by the defendant company in its petition for removal.

*Reversed and remanded with directions.*

Decision *en banc.*

Mr. JUSTICE MUSSER and Mr. JUSTICE HILL dissent.

---

## ON PETITION FOR REHEARING.

Mr. JUSTICE GABBERT delivered the opinion of the court.

In the petition for removal it is alleged, in substance, that the facts alleged in the complaint do not

constitute joint and concurring negligence upon the part of the Mining Company, and the resident defendants, and that the latter are sham and fictitious, and were fraudulently joined with the Mining Company for the purpose of presenting the removal of the cause to the federal court.   We have determined that the cause should have been removed upon the ground that the joinder of the resident defendants was fraudulent, and that they were sham and fictitious because no cause of action was stated against them or either of them for which the company is responsible.   This, it is claimed, is erroneous, for the reason that plaintiff having elected to sue the parties jointly in tort, the failure to state a joint cause of action against the Mining Company and the resident defendants does not render the cause removable.

In support of this contention two propositions are advanced.   First:   That a defendant has no right to say that an action shall be several which the plaintiff seeks to make joint, or that, even though the joinder may not have been proper, a severable controversy between the plaintiff and the Mining Company is not presented, when the plaintiff has elected to sue all jointly; and, second, that the joinder of resident defendants against whom no cause of action is stated, is not a fraudulent joinder.   In brief, these propositions are, that a failure to state a cause of action against the resident defendants is not alone ground for removal, and a separable controversy apparent on its face is not alone ground for removal.   In support of these propositions, the following cases are cited:   *Ches. & O. Ry. Co. v. Dixon*, 179 U. S. 131; *Alabama-Gt. So. Ry. Co. v. Thompson*, 200 U. S. 206; *Cin., N. O. & T. P. Ry. Co. v. Bohon, ibid.* 221; *Ill. Central R. R. Co. v. Sheegog*, 215 U. S. 308.

All of these cases determine, so far as any question is involved in the present case, that where a plain-

tiff sues a non-resident corporation in a state court, joining therein the servants of such corporation, residents of the state, with plaintiff, and states a joint cause of action in his complaint, a severable controversy is not presented on the face of that pleading. This is not a new rule. On the contrary, the rule has always been, that if from the averments of the complaint filed in the state court, it appears that under the laws of the state where the action is commenced, or the decisions of its highest court, a joint cause of action is stated against the non-resident and resident defendants, the cause is not removable upon the ground of severable controversy alone. In none of the above cases was it charged that the joinder of the resident was fraudulent except in the Sheegog case; but in that case it was determined that a joint cause of action against the defendants was stated, but that the averments in the petition for removal upon the ground that the joinder was fraudulent, were insufficient. That in considering the question of the right of removal in these cases the court had in mind that a claim that the joinder was fraudulent would be material, is evident from the statement in the Dixon case, to the effect that the petition for removal did not charge fraud, and that in the Thompson case the court used this significant language:

"It is to be remembered that we are not now dealing with joinders, which are shown by the petition for removal, or otherwise, to be attempts to sue in the state courts with a view to defeat federal jurisdiction. In such cases entirely different questions arise, and the federal courts may and should take such action as will defeat attempts to wrongfully deprive parties entitled to sue in the federal courts of the protection of their rights in those tribunals."

So that these cases in no sense change the rule

with respect to removal of causes based upon the ground of fraudulent joinder.

In the case at bar the charge is made that the individual defendants were fraudulently joined for the purpose of preventing a removal of the cause to the federal court. Where the fact is patent upon the face of the pleadings and record in a suit that an improper party has been joined, or a sham cause of action has been injected into the case for the sole purpose of defeating the jurisdiction of the federal court, the court may find the attempt to defeat the jurisdiction of the federal court from the record alone, and prevent its perpetration. We have determined that a joint cause of action is not stated against the Mining Company and the individual defendants. Unquestionably a plaintiff may join parties defendant for the sole purpose of preventing removal, if he has a joint cause of action; but where he sues parties jointly, and wholly fails to state a joint cause of action, it being evident from the complaint itself that the reason the resident defendants were joined was to prevent a removal, and that a sham cause of action was injected into the case for this sole purpose, this is sufficient upon which to base the conclusion, when the petition for removal presents it, that the joinder was fraudulent.—*Reinartson v. Chi. & Gt. W. Ry. Co.*, 174 Fed. 707; *Hukill v. Maysville & B. S. R. Co.*, 72 Fed. 745; *Floyt v. Shenango Furnace Co.*, 186 Fed. 539.

The petition for rehearing is denied.

*Rehearing denied.*

Mr. JUSTICE MUSSER and Mr. JUSTICE HILL dissent.