## No. 11,411.

### Union Pacific Railroad Co. *v.* Sleeth.

Decided June 1, 1926.

Action for damages.   Judgment for plaintiff.

*Reversed.*

1.  Courts—*Jurisdiction—Removal of Causes.*   In an action for damages against a nonresident corporation and a resident individual, on a proper petition for removal to a federal court, the decision of whether joint and concurrent negligence is properly alleged is for the federal court.

2.  *Jurisdiction—Removal of Causes.*   A petition for the removal of a cause from state to federal court being sufficient on its face and the bond having been approved, the jurisdiction of the state court is at an end, its only duty being to grant the removal.

3.  *Jurisdiction—Removal of Causes.*   While state courts have the right to decide whether a petition for the removal of a cause to the federal court is sufficient, their decision is subject to review, in a proper case, by the United States Supreme Court.

4.  *Jurisdiction—Removal of Causes.*   A state court, for the purpose of determining whether it will surrender jurisdiction on a petition to remove the cause to a federal court, must accept as true the allegations of fact in the petition.

5.  Practice and Procedure—*Removal of Causes.*   State trial courts, when a petition, good on its face, is filed by a nonresident defendant for removal to a federal court, and bond is furnished and approved, should grant the petition.

*Error to the District Court of Morgan County, Hon. H. E. Munson, Judge.*

Mr. C. C. Dorsey, Mr. E. G. Knowles, for plaintiff in error.

Mr. Foster Cline, Mr. Clifford W. Mills, for defendant in error.

*En banc.*

Mr. Justice Campbell delivered the opinion of the court.

In this action to recover damages the plaintiff, widow of Ernest Sleeth, alleged in her complaint against the Union Pacific Railroad Company and W. E. Turner, that her husband, while riding as a guest in an automobile driven by Turner, was struck by a Union Pacific freight train at a blind crossing at Snyder, Colorado, and sustained injuries in the collision at this crossing between the automobile and the railway company's locomotive which resulted in his death. The complaint charges that Turner's negligence consisted in his driving his car upon the railroad track recklessly and negligently and without observing proper precaution to ascertain if a train was then approaching. The negligence charged against the railroad company is that it erected and maintained buildings on its adjacent right of way that obstructed the view of travelers on the highway approaching the crossing, and that its engineer negligently operated the train. After specifying these several negligent acts of the two defendants, the complaint further alleged that the death of the deceased was caused by the joint negligence of the parties and that these specified acts and omissions of the respective defendants made up this joint negligence. Before answering to the complaint the defendant railroad company filed its verified petition for the removal of the cause to the District Court of the United States for the District of Colorado, in which petition it was stated that the controversy here is between citizens of different states, plaintiff being a resident of the state of Colorado and the petitioner railroad

company being a corporation, organized and existing under the laws of the state of Utah, which at the time when the suit was begun and ever since has been and now is a citizen and a resident of that state; that the cause may be fully determined between the plaintiff and the petitioner irrespective of the codefendant Turner, since the complaint sets forth two separate controversies, one between plaintiff and petitioner for damages for the death of the plaintiff's intestate resulting from alleged negligence of petitioner, the other being between the plaintiff and the defendant Turner for damages for the death of plaintiff's intestate resulting from alleged negligence of Turner. The petition further alleges that the attempted joinder of the two defendants was not made by the plaintiff in good faith, but fraudulently by her and her attorney with the desire and intent to defeat the jurisdiction of the federal District Court and to deprive the nonresident petitioner of the right, guaranteed to it by the statutes of the United States, of procuring the removal of the cause and the trial therein in the federal court, and for no other purpose whatever. There are further averments that the petitioner and his codefendant, Turner, were not, at the time the complaint was filed, and are not now, jointly liable to the plaintiff for or on account of any or all of the matters and things alleged in the complaint, plaintiff's cause of action against petitioner, if any, being for the negligence of the petitioner in the maintenance and operation of its railroad, whereas, plaintiff's cause of action, if any, against Turner, is for his negligence in the operation of his automobile in which plaintiff's intestate was riding as a guest; that the alleged negligence of petitioner is separate, distinct and in no wise joint or concurrent with the alleged negligence of Turner, and the accident set forth in the complaint was not the result of their joint actions, or omissions. Accompanying the petition was the prescribed bond which was approved by the presiding judge.

This verified petition was not controverted by plaintiff and no question is made as to the sufficiency or approval of the bond. The court denied the petition for removal and after answers had been filed by the respective defendants, the case proceeded to trial. Upon conclusion of the evidence a motion for nonsuit was interposed by each of the defendants; that of the railroad company was denied, that of Turner was granted and thereupon he was dismissed from the action. The jury returned a verdict for the plaintiff against the defendant railroad company, which is here with its writ to review the judgment entered thereon. A number of errors are assigned and argued. As the trial court erred in refusing the removal, the only assignment considered is that aimed at such ruling.

From the foregoing it will be observed that there is no specific allegation in the complaint that Sleeth's death was caused by the joint and concurrent negligence of the defendants. Counsel for the railroad company strenuously contend that, assuming as true the facts as pleaded in the complaint with respect to the negligence of the two defendants, there was not and could not be any joint or concurrent negligence, since the railroad company's negligence, if any, consists of the certain acts and omissions, while the negligence of the defendant, Turner, consists of certain other distinct and separate acts and omissions as hereinbefore stated. It is neither necessary nor proper for this court at this time, and in the circumstances of the case, to say whether joint and concurrent negligence is properly alleged. The decision of that question is for the United States District Court, after the case is reached by it on removal, though the local law governs as to that feature which the federal court will apply. Whether or not the law of this state gives color for treating the railway company and Turner as jointly liable is immaterial upon this review, for the result must be the same whether our law makes for or against a joint

liability.   And this is so because the verified petition was not controverted, and it specifically charges that the joinder of the railroad company and Turner was not in good faith, but was fraudulent and for the sole purpose of defeating the railroad company's right of removal. The petition for removal, being on its face sufficient and the bond having been approved, the jurisdiction of our district court further to proceed was at an end.   Its only duty was to grant the removal.   The state court was not competent thereafter to determine the questions of fact, even if the facts set forth in the petition had been traversed by the plaintiff.   The only court having jurisdiction to determine a controverted issue of fact of this kind is the federal District Court.   In *Stratton's Independence v. Sterrett,* 51 Colo. 17, 117 Pac. 351, in reviewing a final judgment of the district court, which was rendered upon a trial of the merits after the nonresident's petition for removal had been denied, it was held, inter alia, upon a state of facts not materially different from the one now before us, that the state district court lost jurisdiction when the petition for removal was filed and all subsequent proceedings thereafter were coram non judice.   The latest decision of the Supreme Court of the United States, to which our attention has been called, is *Wilson v. Republic Iron & Steel Company,* 257 U. S. 92, 42 Sup. Ct. 35, 66 L. Ed. 144.   The opinion by Mr. Justice Van Devanter is so clearly in point that further discussion by us is unnecessary.   Among other things the learned judge said in that opinion:   "If in such a case a resident defendant is joined, the joinder, although fair upon its face, may be shown by a petition for removal to be only a sham or fraudulent device to prevent a removal;   *   *   *.   Here but for the joinder of the coemployees the case plainly was one which the employer was entitled to have removed into the District Court on the ground of diverse citizenship; and, if the showing in the petition for removal be taken as true, it is apparent

that the coemployee was joined as a defendant without any purpose to prosecute the action in good faith as against him and with the purpose of fraudulently defeating the employer's right of removal.'' That opinion is also authority for our statement just made, that in such a case as this, it is immaterial, on the question of removal, whether the local law makes for or against a joint liability.

Counsel for defendant in error nevertheless argue that the Supreme Court of the United States in *Alabama Great Southern Railway Co. v. Thompson,* 200 U. S. 206, 26 Sup. Ct. 161, 50 L. Ed. 441, 4 Ann. Cas. 1147, and *Lathrop, Shea and Henwood Co. v. Interior Construction and Improvement Co.,* 215 U. S. 246, 30 Sup. Ct. 76, 54 L. Ed. 177; *Kansas City Suburban Belt Railway Co. v. Herman,* 187 U. S. 63, 23 Sup. Ct. 24, 47 L. Ed. 76, and *Whitcomb v. Smithson,* 175 U. S. 635, 20 Sup. Ct. 248, 44 L. Ed. 303, has held that in passing upon applications for removals, the right to remove depends solely upon the case made in the complaint against both defendants jointly, and does not arise merely from the failure of the complaint to show a joint cause of action. An examination of these cases discloses that the rule contended for is not applicable where the petition avers fraud upon the jurisdiction of the federal court. In Lewis on Removal of Causes, page 472, are collected a number of federal decisions to the proposition that where a petition for removal is filed and the necessary security furnished, and on its face the petition is sufficient, there is thus presented to the state court a pure question of law, which is whether, admitting the facts stated in the petition for removal to be true, it appears on the face of the record, which includes the petition and the pleadings and proceedings down to that time, that the petitioner is entitled to the removal of the suit.

While state courts as a general rule have the right to decide for themselves whether a petition is sufficient,

their decision, however, is not final, but is subject to review in a proper case by the Supreme Court of the United States, which may correct the error, if error there be in their ruling, and the federal trial court may by certiorari order up the record and pass upon the right of removal. Since then the petitioning party has the right to enter suit in the federal court notwithstanding the state court's refusal to stop proceedings, if both courts can try issues of fact which may be made on the petition for removal, to permit both to pass upon controverted facts would result in confusion. The Supreme Court of the United States, therefore, in *Burlington, etc., R. Co. v. Dunn,* 122 U. S. 513, 7 Sup. Ct. 1262, 30 L. Ed. 1159, and other cases, holds that issues of fact arising on petition for removal are to be determined by the federal court alone, and the state court, for the purpose of determining for itself whether it will surrender jurisdiction, must accept as true the allegations of fact in such petition. It makes no difference to what kind of act the disputed question of fact relates; whether the petition was filed in time, as to diversity of citizenship, or whether a separable controversy exists, or as to joinder. *Chicago Rock Island and Pacific Railway Co. v. Dowell,* 229 U. S. 102, 33 Sup. Ct. 684, 57 L. Ed. 1090; *Wilson v. Republic Iron & Steel Co., supra.* We avail ourselves of this opportunity to say that it is not only the safer and better practice, but it is in the interests of both parties, and avoids unnecessary expense and cost to them, for state trial courts, when a petition by a nonresident defendant for removal is filed and is good on its face, and the bond is furnished and approved, to stop further proceedings therein and grant removal to the appropriate federal court.

The trial court erred in denying the petition for removal. As the petition when granted, removes the entire case to the federal court, the judgment of the district court, as against the railroad company must be, and it is hereby reversed, and the cause is remanded with

instructions to the district court to set aside its final judgment for plaintiff against the railroad company and enter an order or judgment granting the petition for removal.