**LOCTITE CORPORATION, Goodyear Tire and Rubber Company, W.J. Ruscoe Company, General Electric Company, and Dexter Corporation, Petitioners,**

v.

**DISTRICT COURT In and For the CITY AND COUNTY OF DENVER, State of Colorado, and the Honorable Gilbert A. Alexander, District Judge, Respondents.**

No. 85SA401.

Supreme Court of Colorado,
En Banc.

May 12, 1986.

Cooper & Kelly, P.C., Frank R. Kennedy, Denver, for petitioner Loctite Corp.

White & Steele, P.C., James Dieterich, Denver, for petitioner Goodyear Tire and Rubber Co.

Anderson, Campbell & Laugesen, Richard W. Laugesen, Denver, for petitioner W.J. Ruscoe Co.

Watson, Nathan & Bremer, Mark H. Dumm, Denver, for petitioner General Elec. Co.

Donald E. Cordova, P.C., Donald E. Cordova, Denver, for petitioner Dexter Corp.

Eugene Deikman, P.C., Craig A. Murdock, Denver, for respondents.

VOLLACK, Justice.

The petitioners, Loctite Corporation, Goodyear Tire and Rubber Company, W.J. Ruscoe Company, General Electric Company, and Dexter Corporation, in this original proceeding under C.A.R. 21 seek an order directing the district court to discontinue any further proceedings in case number 83CV8381 and accept as final the dismissal of case number 83CV11446 as being dispositive of this one action bearing two case numbers. We issued a rule to show cause and now make the rule absolute.

Petitioners are defendants below in an action originally filed in the Denver District Court on September 21, 1983, and assigned to courtroom 8 under case number 83CV8381. Answers were filed in the Denver District Court by defendants Goodyear Tire and Rubber Company and W.J. Ruscoe Company. The defendant Goodyear Tire and Rubber Company filed a petition to remove the case to the United States District Court, and on October 21, 1983, the case was removed. The other defendants filed responses to the complaint in the United States District Court.

On November 18, 1983, Loctite Corporation filed a motion to remand the case back to the Denver District Court, and the motion was granted by the U.S. District Court on December 9, 1983. The clerk of the Denver District Court then assigned a new case number, 83CV11446, and it was assigned to courtroom 19 of the district court, rather than being reassigned to courtroom 8. The complaint and answers were identical in both cases. Proceedings took place in case number 83CV11446 for the next one and one-half years.

Counsel for the plaintiff noted the clerical error in having two case numbers assigned to the identical case, and filed a motion to consolidate the two cases on April 3, 1984. There was no subsequent action taken upon the motion to consolidate, and counsel proceeded to participate in the proceedings before Judge Jones in courtroom 19, under case number 83CV11446.

On July 30, 1985, Judge Jones in case number 83CV11446 ordered that a cost bond be posted by the plaintiff, on or before August 15, 1985. On September 5, 1985, on motion of the petitioners, the court entered an order dismissing the complaint without prejudice for failure to file the cost bond. An order denying a motion to reinstate the complaint was entered by Judge Jones in courtroom 19 on September 16, 1985.

After the dismissal, certain other pleadings were transmitted to courtroom 8 of the district court, under case number 83CV8381, and the respondent, Judge Alexander, held a hearing on October 11, 1985, at which time he rejected the contention of the defense that this case should be dismissed in light of the actions taken by Judge Jones. Respondent ruled case number 83CV8381 was a separate action and was not affected by the dismissal of 83CV11446.

Petitioners contend that when the case was removed to federal court, courtroom 8 lost jurisdiction and the remand from the federal court to Denver District Court vested jurisdiction in courtroom 19. They maintain respondent lacks jurisdiction to proceed further in the case assigned to him. We agree.

The law is clear that the removal to federal court divested the state court of jurisdiction. 28 U.S.C. § 1446(e); *Stratton's Independence, Ltd. v. Sterrett*, 51 Colo. 17, 119 P. 351 (1911). The remand by the federal court restores jurisdiction in the state court as an institution and not in a judge of a judicial district. Thus, the Denver District Court lost jurisdiction of the case upon removal, and when it was re-

manded, it was assigned to a different division of the Denver District Court. The clerk's office of the district court through a clerical error assigned a new case number and assigned the case to courtroom 19 rather than reopening the original case file assigned to courtroom 8. The contention that a viable suit is pending in courtroom 8 is without merit.

Petitioners further maintain that the doctrine of *res judicata* prevents continued proceedings in case number 83CV8381. Contending there has been a constructive consolidation of the two cases, petitioners argue the dismissal in case number 83CV11446 bars further proceedings in case number 83CV8381. Because we conclude that the trial court in case number 83CV8381 lost jurisdiction following removal to federal court, we do not reach this contention.

The rule to show cause is made absolute, and the district court is without jurisdiction to hold proceedings in case number 83CV8381.