HINES & HOBBS, plaintiffs in error, vs. A. E. RAWSON, administratrix, defendant in error.

1. When the Courts of this State and the Courts of the United States have concurrent jurisdiction over the subject-matters and parties to a controversy, that tribunal which first actually takes the jurisdiction will retain it.

2. If a suit be brought in a State Court, and that Court, in the exercise of its proper powers, enjoins one of the parties to the suit before it from reducing his demand to a judgment, until certain assets shall be marshalled, and certain questions of priority in the distribution of those assets be settled, it is a violation of the injunction for the person enjoined to attempt to escape the effects of the injunction by commencing proceedings to get a judgment in the Circuit Court. Courts of the United States and the State laws may punish any one of the enjoined parties, or their agents, who thus act, for contempt of its process.

3. A State Court cannot order a suit brought in a United States Court to be dismissed, or proceedings in it to be stayed, but it may punish its own suitors for disobeying its process of injunction by bringing such suit in contempt of said process. (See concurring opinions.)

Injunction. Contempt. Conflict of jurisdiction. Before Judge CLARK. Dougherty county. Chambers. September, 1869.

George Bliss & Company, Hannah & Harvey, Trowbridge, Dwight & Co., and Nicholas Conyers, in behalf of themselves and other creditors of the estate of Charles W. Rawson, deceased, by Hines & Hobbs et al., as their solicitors, filed their bill against Annie E. Rawson, his widow and administratrix, in which they made the following case: They had credited deceased for their respective specified demands, some of which were in open accounts, and some in judgment, upon the faith of a large amount of property which he owned, and of which he died seized and possessed. After his widow became his administratrix, she set up a claim to a large portion of his realty as her own, and was allowed $6,000 00 in money in lieu of dower, and $3,500 00 for her year's support, and was now proceeding to sell only the balance of said realty as administratrix. They said, if this was allowed the creditors could not be paid, that the allowance of $6,000 00 was exces-

sive, and that her claim of said realty as heir was fraudulent, for reasons therein stated, and prayed that all the realty be sold as the property of deceased, that they be allowed, if they could, to *razee* said $6,000 00 allowance, so as to provide means for paying said demands, and meanwhile that she be enjoined from selling any of said realty as administratrix. The injunction was granted as prayed for. She answered, denying that said $6,000 00 was excessive, and saying it had been legally assigned to her; said that the realty claimed by her was hers, given to her by her father, and denied that her husband had obtained credit on the faith of that property; averred that many suits were pending against the estate, and that said contemplated sale was necessary to pay the claims against the estate, and prayed to proceed with it. She further claimed, that she and her children should be allowed a homestead of realty, worth two thousand dollars in specie, and an exemption of personalty worth one thousand dollars in specie, out of the estate, under the Homestead Act of 1868, to the exclusion of said creditors. And by cross-bill she prayed that said creditors, their attorneys, and all others, be enjoined from suing or proceeding against her by judgment or otherwise, until all the assets were duly marshalled, and brought in before the Court for distribution and adjustment, according to equity. The Chancellor, in February, 1869, ordered that she proceed with the sale, that she apply for the homestead and exemption to the Ordinary, and enjoined the creditors from prosecuting their claims either by suit at common law, or by levy and sale upon the property of said estate, or said administratrix and ordered that they be all made parties to said bills, and in that way settle their rights.

While this last injunction continued unmodified, Hines & Hobbs filed in the 5th Circuit Court of the United States for the Southern District of Georgia, a bill in favor of said Trowbridge, Dwight & Company, of New York, against Annie E. Rawson, as administratrix of said deceased, for the foreclosure of a mortgage which said deceased, in his lifetime, had given said Trowbridge, Dwight & Company for securing their said claims. This mortgage covered certain of the realty

in possession of said administratrix, as such, and certain other realty in possession of other persons, though this did not appear by the bill filed in the said Circuit Court; but the parties holding under Rawson were not made parties to said bill.   Upon being served with this bill, Mrs. Rawson sued out a rule *nisi* before the Chancellor, who granted the said injunction, calling on Hines & Hobbs to show cause why they should not be punished for violating said injunction.

They answered that said injunction was intended solely to protect Mrs. Rawson from suits seeking to make her personalty liable for the debts of her husband, and that the bill of foreclosure was in its nature a proceeding *in rem.*, and could not hinder or interfere with the litigation in the State Courts, nor with said administration; that the greater part of the realty, specifying it, upon which they were seeking the foreclosure, was not claimed by Mrs. Rawson in any way, but had been sold by her husband in his lifetime, and was then owned and possessed by third persons named, and that they were compelled to sue before the 1st of January, 1870, or said claim would be barred by the Statute of Limitations.

Upon hearing argument upon this answer, the Chancellor determined that it was insufficient in law, and ordered that Hines & Hobbs, attorneys for Trowbridge, Dwight & Company, dismiss said proceedings in the United States Circuit Court, for the foreclosure of said mortgage; as against Mrs. Rawson, as administratrix as aforesaid, and that in default of doing so, they be considered in contempt.   That decision is brought here for review.

VASON & DAVIS, HINES & HOBBS, LOCHRANE & CLARK, for plaintiffs in error.

WRIGHT & WARREN, for defendant in error.

McCAY, J.

1. That there is error in the judgment of the Court, as it stands, is very clear.   It was no violation of the injunction to commence proceedings for foreclosure as to the property which had passed into the hands of purchasers from Rawson

before his death.   It is true, that even as to this property the administratrix is, perhaps, a neccessary party to a bill for foreclosure, but she is only a nominal party.   None of the objects of the bill are thwarted by such a proceeding, and we think the defendants in this motion have a right to proceed against the property referred to, and if the rules of the United States Court require it, to make her a party to that proceeding.   But so far as the proceedings in the Federal Court are intended to foreclose the mortgage on property, which is in the hands of the administratrix, we think such proceedings are a violation of the injunction.

1.   The mortgagees are citizens of the State of New York, and under the Constitution of the United States, the Circuit Court has jurisdiction of the parties and subject-matter of the controversy.   It is equally true that the mortgagee may, if he chooses, sue in the State Court.   The jurisdiction is concurrent.   Now, in all such cases, as well by repeated decisions as by the necessities of the case, the Court first acquiring the jurisdiction in fact has it to the exclusion of the other:   9 Wheat., 532 ; 20 How., 583 ; 10 How., 56 ; 14 How., 368 ; 23 How., 90.   Interminable confusion would result from any other rule, while harmony and justice flow naturally from the rule as established.

2.   When these parties filed their bill in Dougherty Superior Court, and, in the regular course of judicial proceeding there, they were enjoined from reducing their claims to judgment until the matters set up in the petition of Mrs. Rawson for the injunction were disposed of, it is a direct violation of the order of the Court, in which, by their own motion, they are suitors, to seek another tribunal for the attaining of the very thing they are restrained from.

3.   We recognize fully the doctrine, that neither a State nor a Federal Court will restrain the other, even indirectly, by acting on the party, and admit that this rule, so well understood as to foreign jurisdictions, does not apply between the Federal and State Courts.   But it will be found, on looking into these cases, that they are all cases in which the party sought to be enjoined was free to act when he sought the tri-

bunal in which it was attempted to restrain him from proceeding: 2 Paige Chan. Rep., 404; 2 Story's Equity, sec. 900. But in this case the defendant was not free to act. Of his own motion he had come into the State Court in the regular course of proceedings there, this injunction had been put upon him by a Court where he was a suitor, and when he sought the Federal tribunal, he *disobeyed* the order of the State Court. No tribunal can permit such an indignity. If its orders are improvident, it is to be presumed it will, on motion, vacate them, and if it fail so to do, there is a writ of error to this tribunal, or if the party take the proper steps, the law authorizes a removal of the controversy to the Federal Court. But a contemptuous disregard of the order of the Court by one who is *a suitor in it*, authorizes the Court to punish the offender, and we think, under the circumstances of this case, the Court was authorized to do so.

We think, however, the shape of this judgment is obnoxious to objection. It requires the defendant to dismiss his proceeding in the Federal Court. Perhaps it may seem mere quibbling to find fault with the order for this reason, but it is best to keep up the proper distinctions, especially on so delicate a question as an apparent conflict of jurisdiction between Courts equally supreme, and we think the Court erred in requiring the defendant to *dismiss* his proceedings in the Circuit Court.

The State Court, as we have said, has the right to punish for disobedience to its order. If the defendant sees fit to take the consequences, let him do so. Each Court has its sphere, and should keep within it, and we doubt not the Chancellor below can find a mode of attaining his end, to-wit: obedience to his injunction, other than an order directing the defendant to dismiss his proceedings in the Federal Court. We reverse the judgment on the ground that the Chancellor had no right to order the proceedings in the Circuit Court to be dismissed. But we have no doubt of his power to punish the defendant for violating his injunction, and to continue that punishment until he shows, by his conduct, that he is in fact obeying the process of the Court.

Hines & Hobbs *vs.* Rawson.

Brown, C. J., concurred, laying down the following rules, which are, in his opinion, applicable to the case:

1. The State Courts are exempt from all interference by the Federal tribunals, and the Federal Courts are exempt from all interference by the State tribunals, and each is destitute of all power to restrain either the process or proceedings in the other. Circuit Courts of the United States and State Courts act separately and independently of each other, and, in their respective spheres of action, the process issued by the one is as far beyond the reach of the other as if the line of division between them " was traced by landmarks and monuments visible to the eye." Appellate relations exist in a class of cases between the State Courts and the Supreme Court of the United States, but there are no such relations between the State Courts and the Circuit Courts.

2. The Circuit Courts of the United States and the State Courts, in certain controversies between citizens of different States, are Courts of concurrent and co-ordinate jurisdiction, and the general rule is, that as between Courts of concurrent jurisdiction, the Court that first obtains possession of the controversy, or of the property in dispute, must be allowed to dispose of it without interference or interruption from the co-ordinate Court. Such questions usually arise in respect to property attached on mesne process, or property seized upon execution, and the general rule is, that where there are two or more tribunals competent to issue process to bind the goods of a party, the goods shall be considered as effectually bound by the authority of the process under which they were first attached or seized: 20 How., 583; 24 How., 454; 3 Wallace, 334; 6 Wallace, 195–6.

3. In this case the plaintiffs in error having gone voluntarily into the State Court, and an injunction having issued against them by that Court, restraining further action till the assets of the estate could be marshalled, it was a contempt of the authority of the State Court, into which the parties had voluntarily come, and which had obtained possession of the controversy, for the plaintiffs to commence proceedings in the

United States Courts upon the same matter of controversy, till the dissolution of the injunction in the State Court, and the State Court had the power to maintain its dignity and enforce its authority by punishing the attorneys of the complainants for violating its injunction, by bringing a suit in the United States Court, or otherwise disobeying its process, till it had finally disposed of the matter in dispute.

But the State Court cannot order the case dismissed in the Circuit Court. It can only punish those subject to its order who disobey its injunction, and it must leave the other party to the litigation to move in the Circuit Court to stay proceedings in the action there brought in violation of the injunction of the State Court, till the final disposition of the case in that Court: 10 How., 71.

WARNER, J., concurring.

It appears from the record that Trowbridge, Dwight & Company are citizens of the State of New York, and that they have instituted a suit in the Fifth Circuit Court of the United States, against Annie E. Rawson, as administratrix of C. W. Rawson, deceased, a citizen of this State, to foreclose a mortgage. The Court below passed an order "requiring Hines & Hobbs, attorneys-at-law for Trowbridge, Dwight & Company to " dismiss the said suit or proceeding in the said Fifth Circuit Court of the United States for the foreclosure of said mortgage, and in default thereof, that they be considered in contempt of this Court." Whilst I do not question the power and authority of the Court below to punish the defendants for a violation of its process of injunction, (if indeed it has been violated by them,) I do deny the power and authority of the State Court to order and require Hines & Hobbs, the attorneys-at-law of Messrs. Trowbridge, Dwight & Company, to dismiss their suit pending in the Fifth Circuit Court of the United States, or in default thereof, to be considered in contempt. If the State Court has the power and authority to *compel* the attorneys of the non-resident creditor to dismiss his suit pending in the Circuit Court of the United States, it has the power and authority, for all

*practical* purposes, to repeal and render nugatory that provision of the Federal Constitution and the Acts of Congress, which secure to the non-resident creditor the right to sue a citizen of Georgia in the Circuit Court of the United States. The Constitution of the United States, and the laws of the United States enacted in pursuance thereof, are the supreme law of the land, and no department of the State Government has the power, either directly or *indirectly,* to violate or defeat that supreme law of the land. In my judgment, the Court below had no legal power or authority to order the attorneys of Trowbridge, Dwight & Company to dismiss their suit pending in the Fifth Circuit Court of the United States, against a citizen of this State, in accordance with the Constitution and laws thereof, to say nothing about the impropriety of interfering with the jurisdiction and business of that Court by an order of the State Court for that purpose. I am, therefore, of the opinion that the judgment of the Court below should be reversed.