## INTER-SOUTHERN LIFE INSURANCE COMPANY *v.* McQUARIE, administrator.

1. The general rule is that the pendency of a prior suit in a district court of the United States is not a bar to a suit in a State Court between the same parties and for the same cause of action.  Consequently, where such a state of facts exists, a plea in abatement to such suit in the State court should not be sustained.

(*a*) One exception to the above rule is, that where the Federal court has first acquired possession of the res, or has taken steps equivalent to exercising dominion over it, that court will thereby acquire exclusive jurisdiction of the case.

2. A ground of a motion for new trial based on newly discovered evidence was incomplete where only one of the officers of the losing party, a corporation, made affidavit that he did not know of the relationship of the juror to the opposite party at the time of the trial; it not appearing that this officer was the only officer of the corporation present at the trial of the case, and it affirmatively appearing that there were other officers of the company.  And this is true although the officer who made the affidavit testified that the other officers of the corporation did not know of the disqualification of the juror.

3. Where fraud is the controlling issue on the trial of a case involving the validity of an insurance policy taken out by the insured in his lifetime, and on conflicting evidence the jury finds in favor of the administrator of the deceased, it is not error to overrule a motion for new trial based on the ground that the verdict is not supported by the evidence and is contrary to the evidence.

> No. 536.  July 10, 1918.

Equitable petition.  Before Judge Highsmith.  Appling superior court.  June 11, 1917.

*Lawton & Cunningham* and *Parker & Parker,* for plaintiff in error.

*Padgett & Watson* and *C. H. Parker,* contra.

Hill, J.  V. H. McQuarie, as administrator upon the estate of John F. Smith, brought suit against the defendant insurance company, to recover on a policy of insurance for $10,000 which the

deceased secured in his lifetime, and to cancel a certain deed given by the insured to the insurance company to secure a loan of $10,-000, the plaintiff insisting that one claim was offset by the other. The defendant answered the petition, averring among other things that the insurance policy was void because of certain representations made by the insured in an application for reinstatement of the insurance policy (it having lapsed for non-payment of an annual premium), to the effect that he had not used alcoholic liquors to excess, when in fact he had.    The defendant also filed a plea in abatement on the ground that there was pending, in the district court of the United States for the eastern division of the southern district of Georgia, a suit brought by the defendant against the plaintiff, involving the same subject-matter as the above-stated case, the latter suit having been filed and served before service was perfected upon the defendant; that the plaintiff had pleaded to the merits of that case; that the suit in the Federal court was to enforce the lien of the security deed against the specific property covered by the deed; that the filing and service of the suit constituted an equitable levy on the property; that the possession of the property is necessary to the granting of the relief sought in that case, and gives the district court of the United States the exclusive right to control the property, and the jurisdiction of that court is exclusive of the jurisdiction of the State court; that at the time the defendant in the suit in the United States court (he being the plaintiff in the suit in the State court) answered and pleaded to the merits thereof, as stated, the defendant did not plead in any way the pendency of the present suit in the State court, nor had he theretofore pleaded such fact in the case in the Federal court; and that he thereby submitted himself to the jurisdiction of the Federal court and elected and consented to have that court try and determine the questions of law and fact which he now seeks to have tried and determined in the State court. The plea in abatement was overruled, and exceptions pendente lite to this ruling were filed.    The case was then tried by a jury, who returned a verdict for the plaintiff.    A motion for a new trial was overruled, and the defendant excepted.

1.    There was no error in overruling the plea in abatement. In order for the Federal court (in this case) to acquire jurisdiction to the exclusion of the State court, there must be a seizure of the res—or property, or something equivalent to a seizure or ex-

ercise of dominion over the property. There is nothing in the record to show that the district court of the United States took possession of the res, or did anything that was equivalent thereto. In *Louisville & Nashville R. Co.* v. *Newman,* 132 *Ga.* 523, 526 (64 S. E. 541, 26 L. R. A. (N. S.) 969), Mr. Justice Evans, speaking for the court, said: "It is well settled that if two courts of two distinct sovereignties have jurisdiction of the same matter, the filing of suit in one will not furnish a good plea in abatement to the filing of a suit in the other. Generally speaking, the Federal courts and the State courts which have concurrent jurisdiction over civil actions may be considered as courts of separate jurisdictional sovereignties; and where an action in personam is brought in the State court, and a suit for the same cause of action is subsequently brought in the United States court, the pendency of the suit in the State court is no bar to the suit in the United States court. Stanton *v.* Embrey, 93 U. S. 548 (23 L. ed. 983); 1 Cyc. 39. The converse of this is equally true as a general proposition, and the pendency of a prior suit in a circuit court of the United States is not a bar to a suit in a State court by the same plaintiff against the same defendant for the same cause of action. This is the general rule, but it is not without exception." In Farmers Loan & Trust Co. *v.* Lake Street Elevated R. Co., 177 U. S. 51 (20 Sup. Ct. 564, 44 L. ed. 667), it was said in the headnote: "The possession of the res in case of conflict of jurisdiction vests in the court which has first acquired jurisdiction, with power to hear and determine all controversies relating thereto, and, for the time being, disables other courts of co-ordinate jurisdiction from exercising a like power." It is said in the opinion: "This rule is essential to the orderly administration of justice, and to prevent unseemly conflicts between courts whose jurisdiction embraces the same subjects and persons." But, as said in the beginning of this opinion, there is nothing to show that the Federal court in the instant proceeding had laid hold of the res, or had done anything else which was the equivalent thereof, such as the appointment of a receiver. Consequently, we think the court did not err in overruling the plea seeking an abatement of the suit. On the general subject of the pendency of a suit in one court not being a defense to an action in another court between the same parties, see note to Wilson *v.* Milliken, 42 L. R. A. 449 (103 Ky. 165, 44 S. W. 660); note to

*Louisville & Nashville R. Co.* v. *Newman* (supra), 26 L. R. A.
(N. S.) 969; 1 Corpus Juris, "Abatement," §§ 90, 99; McKinney
*v.* Landon, 209 Fed. 300 (3) (126 C. C. A. 226); Barber Asphalt
Co. *v.* Morris, 132 Fed. 945 (66 C. C. A. 55, 67 L. R. A. 761);
Palmer *v.* Texas, 212 U. S. 118 (29 Sup. Ct. 230, 53 L. ed. 435).

2.   The only special ground of the motion for new trial com-
plains that one of the jurors (A. W. Tillman) who tried the case
was related to the plaintiff, through his wife, within the prohibited
degrees of relationship.   The attorneys of record for the defendant
company were Parker & Parker, Lawton & Cunningham, and Bruce
& Bullitt.   Both members of the firm of Parker & Parker made
affidavit that they did not know of the relationship of the juror
at the time of the trial, and that T. M. Cunningham Jr. was the
only member of the firm of Lawton & Cunningham who was pres-
ent representing the defendant company on the trial of the case,
and that neither of the members of the firm of Bruce & Bullitt
participated in the trial of the case or came to the State for the
purpose of preparing the case for trial.   T. M. Cunningham Jr.
made affidavit that he was a member of the firm of Lawton & Cun-
ningham; that Bruce & Bullitt were non-residents of the State;
that deponent was the only member of his firm having any know-
ledge or familiarity with the preparation and trial of the case;
that no member of the firm of Bruce & Bullitt had anything to
do with the trial of the case; and that deponent did not know of
the relationship of the juror to the plaintiff, or his wife, at the
time of the trial of the case; that no member of the firm of Bruce
& Bullitt had any knowledge of the relationship of the juror to
the plaintiff until informed of its existence about the time and
in the way his firm was informed; and that none of the officers
of the insurance company had any knowledge of such relationship
until about two weeks after the trial of the case.   C. H. Dickinson
made affidavit that he was "joint state manager of the Inter-South-
ern Life Insurance Company," and was such at the time of the
trial of the case, and that "I did not, nor did any other officer of
the Inter-Southern Life Insurance Company, have any knowledge
whatever of any relationship between the juror, A. W. Tillman.
and the plaintiff, V. H. McQuarie, or his wife, and neither did I
nor any other officer of the company acquire any knowledge of
this relationship until some time after the trial of the case."   It

did not appear that Dickinson was the only officer of the company present at the trial of the case. Upon motion the court rejected so much of the evidence of the attorneys and of the officer of the company as referred to the knowledge of the other members of the law firms and other officers of the corporation. We think the court was right in this ruling. Conceding that the showing with reference to the knowledge of the attorneys of record of the disqualification of the juror was complete, it should have been made to appear what officers of the company were present and assisting in the trial of the case, and all of the officers of the company present and assisting in the trial of the case should have testified for themselves that they did not know of the disqualification of the juror. In this respect this ground of the motion was incomplete.

3. In the original application of Smith, the insured, for insurance, as appears from the copy of the application in the record, when asked, "What is your daily consumption of wine, spirits, or malt liquors?" he answered, "One gallon a year." And in the application for reinstatement of the policy he made answer to the following questions: "What is your daily consumption of alcoholic drink? A. Have no daily habit." "Have you at any time used any of them to excess? A. No." There was evidence that Smith was drunk on several occasions after taking out the insurance and after the reinstatement of the policy. But there is nothing to indicate just how much he drank within a year,—whether he exceeded his gallon or not; nor whether his death was caused from excessive use of alcoholic or intoxicating liquors. It is insisted on the part of the insurance company that the policy was void for fraud perpetrated by the insured in making answer to the questions above quoted, and in drinking to excess in violation of the statements contained in the applications for insurance and for reinstatement of the lapsed policy. It is sufficient to say that the materiality of the representations made in the application raised an issue of fact for the jury (*Massachusetts Benefit Life Ins. Co.* v. *Robinson,* 104 *Ga.* 256 (8), 30 S. E. 918, 42 L. R. A. 261; *Connecticut Mutual Life Ins. Co.* v. *Mulkey,* 142 *Ga.* 358, 82 S. E. 1054), and they have decided it against the defendant; and we can not say that their verdict was without evidence to support it, or that it was contrary to law and the evidence.

*Judgment affirmed. All the Justices concur.*