## ROYSTER GUANO COMPANY *v.* STEDHAM.

No. 9625. JANUARY 16, 1934.

*John W. Crenshaw* and *Smith & Millican,* for plaintiff in error.
*Boykin & Boykin,* contra.

BELL, J.  F. S. Royster Guano Company, the holder of security deeds upon several tracts of land executed by W. L. Stedham, sought to exercise powers of sale contained in such deeds, claiming an indebtedness of about $4300.  The grantor, Stedham, filed a suit in equity to enjoin the exercise of the powers of sale, pleading, among other things, that he had paid the full amount of the indebtedness except a balance of $488.13, which he tendered and paid into the registry of the court.  In his petition he prayed that the Royster Company be enjoined from selling, transferring, or disposing of any of the real estate, and from transferring or changing the status of the security deeds or of the notes secured thereby; that the deeds and the notes be decreed to be null and void, and that they be canceled of record and surrendered to petitioner; that an accounting be had in the premises; and that the petitioner have such other and further relief "as to the court may seem meet and proper."  Upon the presentation of the petition the judge passed an order requiring the Royster Company to show cause, at a time and place specified, why the prayers of the petition should not be granted, providing that in the meantime the defendant, its attorneys, officers, and agents be "enjoined and restrained as prayed."  At the hearing it was ordered that the restraining order previously granted be "continued in full force and effect until the case is tried by a jury."  No exception was taken to this order.  The defendant in its answer

merely defended against the grant of the relief as sought by the plaintiff, and did not file a cross-action or seek any affirmative relief.

After the court had granted the order last above referred to, the defendant gave notice of its intention to file suit upon the notes in a named Federal district court, returnable to a stated term, and of its intention to claim attorneys' fees as provided in such notes. Upon receipt of this notice Stedham, the plaintiff in the original suit for injunction, filed an amendment in which he sought to enjoin the Royster Company from filing suit in the Federal court, contending that it was attempting to oust the jurisdiction of the superior court, which, having acquired jurisdiction, should retain it for the purpose of making a complete adjudication and to avoid a multiplicity of suits. The plaintiff also contended that filing suit in Federal court would constitute a violation of the injunctive order theretofore granted by the judge of the superior court. To this amendment, which was presented as a supplemental petition, the defendant was again required to answer, and upon the hearing the court granted an order enjoining the defendant as prayed. To this order the Royster Company excepted.

■ It is contended by Stedham that the judgment should be affirmed, for the reason that the interlocutory injunction granted on the original petition restrained and enjoined the Royster Company from in any manner changing the status of the notes or of the indebtedness represented thereby, until the further order of the court; and that since the order granting the injunction was not excepted to, the Royster Company is bound thereby and should not be permitted to file the threatened suit in the Federal court. There is no merit in this contention. The injunctive order relied on evidently had reference to a change of title or ownership, and was apparently not intended to prevent the Royster Company from filing suit upon such notes. Any other construction would have denied the right even to institute a cross-action in the superior court for the purpose of obtaining a recovery upon the alleged indebtedness. In the light of the record, the order does not show that this or any like result was intended. See *Ray* v. *Home & Foreign Investment Co.*, 106 *Ga.* 492 (2) (32 S. E. 603).

■ Nor, under the record, was the defendant otherwise to be denied the right to sue in the Federal court. In *Louisville & Nashville R. Co.* v. *Newman,* 132 *Ga.* 523, 526 (64 S. E. 541, 26 L. R.

A. (N. S.) 969), this court by Mr. Justice Evans said: "It is well settled that if two courts of two distinct sovereignties have jurisdiction of the same matter, the filing of suit in one will not furnish a good plea in abatement to the filing of a suit in the other. Generally speaking, the Federal courts and the State courts which have concurrent jurisdiction over civil actions may be considered as courts of separate jurisdictional sovereignties; and where an action in personam is brought in the State court, and a suit for the same cause of action is subsequently brought in the United States court, the pendency of the suit in the State court is no bar to the suit in the United States court. Stanton v. Embrey, 93 U. S. 548 (23 L. ed. 983); 1 Cyc. 39. The converse of this is equally true as a general proposition, and the pendency of a prior suit in a circuit court of the United States is not a bar to a suit in a State court by the same plaintiff against the same defendant for the same cause of action. This is the general rule, but it is not without exception." One exception to the rule is that where one of such courts "has first acquired possession of the res, or has taken steps equivalent to exercising dominion over it, that court will thereby acquire exclusive jurisdiction of the case." *Inter-Southern Life Insurance Co.* v. *McQuarie,* 148 *Ga.* 233 (96 S. E. 424); *Ambursen Hydraulic Construction Co.* v. *Northern Contracting Co.,* 140 *Ga.* 1 (78 S. E. 340, 47 L. R. A. (N. S.) 684); Mound City Co. v. Castleman, 187 Fed. 921; American Seeding Machinery Co. v. Dowagiac Mfg. Co., 241 Fed. 877; Patterson v. Veazy, 295 Fed. 163. In the present case the superior court had done nothing which was the equivalent of taking possession of the res, but the suit was strictly in personam; and there was no sufficient reason for denying to the Royster Company the right to institute an action in the Federal court.

The present case differs on its facts from *Young* v. *Hamilton,* 135 *Ga.* 339 (69 S. E. 593, 31 L. R. A. (N. S.) 1057, Ann. Cas. 1912A, 144), and from Farmers Loan & Trust Co. v. Lake Street R. Co., 177 U. S. 51 (20 Sup. Ct. 564, 44 L. ed. 667), each of which involved a foreclosure proceeding, or an action in rem. The discussions in these cases, however, are consistent with and support the conclusion reached in the present case. The Royster Company did not seek to foreclose its security deeds, but was merely attempting to exercise the powers of sale contained therein. The suit there-

after brought by Stedham in the superior court merely had the purpose of restraining this extrajudicial action on the part of the company, and of obtaining an accounting and a decree of cancellation, *all dependent upon the claim of payment as* alleged. This made the suit one in personam. *Adams* v. *Lamar,* 8 *Ga.* 83, 93; Tigrett v. Taylor, 180 Ala. 296 (60 So. 858); Warlick v. Reynolds, 151 N. C. 606 (66 S. E. 657); Fitch v. Huntington, 125 Wis. 204 (102 N. W. 1066); Pennoyer v. Neff, 95 U. S. 714 (4) (24 L. ed. 565).

The court erred in granting the injunctive order complained of. The provisions of the Civil Code, §§ 3219 and 4522, do not militate against the rulings here made.

*Judgment reversed. Russell, C. J., Beck, P. J., and Atkinson, and Gilbert, JJ., concur.*