## DAVIS et al. v. SHROPSHIRE, executrix, et al.

HEAD, Justice. 1. While it is the general rule that the pendency of a prior suit in a district court of the United States is not a bar to a suit in a State court between the same parties and for the same cause of action, an exception to this rule is, "that where the Federal court has first acquired possession of the res, or has taken steps equivalent to exercising dominion over it, that court will thereby acquire exclusive jurisdiction of the case." *Inter-Southern Life Ins. Co.* v. *McQuarie*, 148 *Ga.* 233 (96 S. E. 424); *Hines & Hobbs* v. *Rawson*, 40 *Ga.* 356 (2 Am. R. 581); *Young* v. *Hamilton*, 135 *Ga.* 339, 346 (69 S. E. 593, 31 L. R. A. (N. S.) 1057, Ann. Cas. 1912 A, 144); *Royster Guano Co.* v. *Stedham*, 178 *Ga.* 217 (172 S. E. 555).

2. The petition in the present case shows that condemnation proceedings were instituted in the District Court of the United States for the Northern District of Georgia to condemn property located in Chattooga County, and a claim was made by a nonresident of Georgia to the funds deposited in the registry of the district court under such proceedings. Since condemnation proceedings are in the nature of an action in rem, the Federal court had exclusive jurisdiction to determine all controversies in relation thereto, and the Superior Court of Chattooga County had no jurisdiction of a cause of action seeking a declaratory judgment against such nonresident claimant as to the ownership of the funds in the Federal court.

3. The dispute in this case is as to the ownership of funds in the registry of the Federal court, paid as compensation for the condemnation of property. Such a case is not one "respecting title to land," which must be brought in the superior court of the county where the land lies.

4. The petition in this case seeks a declaratory judgment against a nonresident of the State of Georgia, and service is sought to be perfected by publication. Since the only controversy is the ownership of funds in the custody of the Federal court located at Rome, in Floyd County, Georgia, the Superior Court of Chattooga County had no jurisdiction of the nonresident defendant. *Malsby* v. *Simmons Manufacturing Co.*, 191 *Ga.* 477 (12 S. E. 2d, 880).

5. It was error to overrule the pleas of the defendants to the jurisdiction of the court.

*Judgment reversed. All the Justices concur, except Wyatt, J., who took no part in the consideration or decision of this case.*

No. 16113. MARCH 19, 1948.

*Elijah A. Brown* and *Otey B. Mitchell,* for plaintiffs in error. *Graham Wright,* contra.