60897. PICKERING v. OLEO STRUT, INC. et al.

QUILLIAN, Chief Judge.
The plaintiff appeals from an order dismissing his complaint, without prejudice, on the ground that there was another suit based on the same cause of action and between the same parties pending in the United States District Court. *Held:*

"The general rule is that the pendency of a prior suit in a district court of the United States is not a bar to a suit in a State Court between the same parties and for the same cause of action. Consequently, where such a state of facts exists, a plea in abatement to such suit in the State court should not be sustained. (a) One exception to the above rule is, that where the Federal Court has first acquired possession of the res, or has taken steps equivalent to exercising dominion over it, that court will thereby acquire exclusive jurisdiction of the case." *Inter-Southern Life Ins. Co. v. McQuarie,* 148 Ga. 233 (1) (96 SE 424). Accord, *Royster Guano Co. v. Stedham,* 178 Ga. 217, 218 (2) (172 SE 555); *Davis v. Shropshire,* 203 Ga. 434 (1)

(46 SE2d 911). As pointed out in *Inter-Southern Life Ins. Co. v. McQuarie,* 148 Ga. 233, 235, supra, the appointment of a receiver may be considered the equivalent of taking possession of the res.

In the case sub judice the action in the Federal Court was strictly in personam. By second amendment the plaintiff did request the appointment of a receiver. However, insofar as the record reveals this had not been accomplished. Hence, there was no basis for the trial judge to sustain the defendant's motion to dismiss predicated on pendency of the district court action.

*Judgment reversed. Shulman, P. J., and Carley, J., concur.*

DECIDED JANUARY 12, 1981.

*Paul R. Koehler,* for appellant.
*William Lewis Spearman, Laurie C. Davis,* for appellees.