## 39141. COHEN v. McLAUGHLIN et al.

MARSHALL, Presiding Justice.

Mr. Eugene McLaughlin and McLaughlin Lumber Company, Inc., brought suit against Mrs. Mary Peek, Mr. Fain Peek, and Mr. Darryl Cohen, an attorney, alleging basically as follows: Mrs. Mary Peek and Mr. Eugene McLaughlin were previously married, but they were divorced in 1970; as part of the divorce settlement, Mrs. Peek retained ownership of 45% of the stock of McLaughlin Lumber Company; Mrs. Peek married Mr. Peek in 1973, and they entered into a conspiracy to take from Mr. McLaughlin all of his personal assets, as well as the assets of McLaughlin Lumber Company; at this time, Mr. McLaughlin was mentally incompetent; Mrs. Peek had the Fulton Superior Court appoint defendant Cohen as receiver for Mr. McLaughlin and McLaughlin Lumber Company, and defendant Cohen joined into the conspiracy. In the complaint, the plaintiff seeks to be awarded actual and punitive damages, as well as certain equitable relief.

The defendant Cohen, as a third-party plaintiff, filed a third-party complaint against American Home Assurance Company, as a third-party defendant, alleging that American Home, as Cohen's professional liability insurer, is liable to Cohen for all or part of the plaintiff's claims against him. In the third-party complaint, Cohen alleges that American Home has refused to defend this action, and Cohen seeks judgment against American Home for both court costs and attorney fees.

However, American Home subsequently settled the case with the plaintiffs, and the plaintiffs dismissed the complaint against defendant Cohen. Cohen then amended his third-party complaint to allege that the settlement was entered into without his consent, and Cohen reasserted his request to be awarded litigation expenses and attorney fees against American Home. American Home subsequently filed objections to Cohen's requests for discovery. Cohen filed a motion to determine the sufficiency of these objections.

The trial court entered an order ruling that CPA § 14 does not permit assertion of claims by a third-party plaintiff against a third-party defendant other than claims that the third-party defendant may be liable to the third-party plaintiff for all or part of the plaintiff's claims in the complaint. Therefore, the court concluded that the dismissal of the complaint against Cohen, by operation of law, served as an automatic dismissal of the third-party complaint by Cohen against American Home. The trial court certified this order for immediate review, and we granted Cohen's application for interlocutory appeal.

1. It has been firmly established that CPA § 14 (a) (OCGA § 9-11-14 (a) (Code Ann. § 81A-114)) authorizes a defendant, as a third-party plaintiff, to file a claim against a third-party defendant for secondary liability on the plaintiff's claim, i.e., a claim for liability over, but not a direct claim for damages. " 'At any time after commencement of the action a defendant, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him.' Code Ann. § 81A-114 (a) (Ga. L. 1966, pp. 609, 627; 1969, p. 979). As pointed out in 2 Kooman, Federal Civil Practice, 214, § 14.02: 'The absolute requirement of every third-party proceeding is that its purpose must be to impose upon the third-party defendant a liability for part or all of the liability asserted by the original plaintiff against the third-party plaintiff. A third-party action may be maintained only against one who is secondarily liable to the original defendant for part or all of the original plaintiff's claim. When a recovery by the plaintiff against the defendant would necessarily be followed by recovery for the defendant against the third-party defendant, then a third-party action is proper.' 3 Moore, Federal Practice, 502, § 14.04, sets out that impleader is not permissible unless the conditions of Section 14 of the Federal Rules of Civil Procedure [identical in content to our Code Ann. § 81A-114] are met; 'it is not a device for bringing into an action any controversy which may happen to have some relationship with it.' Under the federal rule a defendant cannot assert an entirely separate claim against the third-party even though it arises out of the same general set of facts as the main claim. There must be an attempt to pass on to the third-party all or part of the liability asserted against the defendant [but not to tender the third-party as a substitute defendant]. 3 Moore, Federal Practice 512, § 14.07; 605, § 14.15." *Mathews v. McConnell,* 124 Ga. App. 519, 521 (184 SE2d 491) (1971); accord, *Southern R. Co. v. Ins. Co. of N. A.,* 228 Ga. 23, 31 (183 SE2d 912) (1971); *Firestone Tire &c. Co. v. Pinyan,* 155 Ga. App. 343 (270 SE2d 883) (1980); *Dorsey Heating &c. Co. v. Dickson, Inc.,* 153 Ga. App. 599 (2) (266 SE2d 282) (1980); *Thigpen v. Koch,* 126 Ga. App. 182 (190 SE2d 117) (1972).

2. As argued by Cohen, these decisions ignore CPA § 18 (a) (OCGA § 9-11-18 (a) (Code Ann. § 81A-118)) to the extent that they hold that a third-party plaintiff may not join a direct damage claim against a third-party defendant with a claim for secondary liability. CPA § 18 (a) clearly provides: "A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim may join, either as independent or as alternate claims, as many claims, legal or equitable, as he has against an opposing party." And, it has

been held by the federal courts that, under Federal Rule of Civil Procedure 18, if a proper third-party claim of secondary liability is asserted, the third-party plaintiff may join additional direct damage claims against the third-party defendant. (Although if the additional claim does not arise out of the same transaction or occurrence as the claim for liability over, it is not ancillary to the main claim and, therefore, must independently satisfy the tests for federal court venue and jurisdiction.) See Schwab v. Erie Lackawanna R. Co., 438 F2d 62 (5) (3rd Cir. 1971); 6 Wright & Miller, Federal Practice and Procedure: Civil § 1452, p. 284. However, it should be noted that Federal Rule of Civil Procedure 18 deals only with the permissibility of joinder of additional claims; a claim properly joined as a matter of pleading need not be tried together with other claims "if fairness or convenience justifies separate treatment." Wright & Miller, supra, at p. 287. Accord, CPA § 42 (OCGA § 9-11-42 (Code Ann. § 81A-142)).

3. There does remain another impediment to the assertion of the direct damage claim against the third-party defendant in this case. For, here, the plaintiff has settled the case with American Home, the third-party defendant, and the complaint against Cohen, the third-party plaintiff, has been dismissed.

We are thus presented with the following situation: the plaintiff's complaint against the defendant has been dismissed after the defendant, as a third-party plaintiff, has impleaded a third-party defendant and filed against him both direct damage claims as well as a claim for secondary liability. In this situation, the provisions of the CPA do not specify whether the court loses jurisdiction over the third-party direct damage claim. We are, therefore, persuaded to the view taken by most federal courts that jurisdiction over a third-party direct damage claim is not destroyed if the original action is settled or disposed of in some fashion before adjudication of such claim; but the court, in the exercise of its discretion, either may proceed with the claim or dismiss it. Wright & Miller, supra, § 1444, p. 234.

In contending that we should not adopt this view taken by the federal courts, the third-party defendant, American Home, relies on a line of decisions represented by *Brooks v. Douglas,* 154 Ga. App. 54 (1) (267 SE2d 495) (1980) and cits., and *O'Neill v. Western Mtg. Corp. of Ga.,* 153 Ga. App. 151 (264 SE2d 691) (1980) and cits. These decisions hold that since, under the venue provisions of the State Constitution, joint tortfeasors must be sued in the county of the residence of one of them, if judgment is rendered in favor of the resident joint tortfeasor the complaint against the nonresident tortfeasors must be dismissed. We find these decisions to be in-apposite here. For, rendition of final judgment in favor of an alleged resident joint tortfeasor is an adjudication that he or she is not, in

fact, a joint tortfeasor. Due to the venue provisions of the State Constitution, this mandates dismissal of the complaint against the nonresident tortfeasors. There is no such compelling reason for dismissing the third-party direct damage claim here.

Accordingly, the judgment is reversed and the case is remanded in order for the trial court to exercise its discretion in ruling on the motion from which this appeal has been taken.

*Judgment reversed. All the Justices concur, except Weltner, J., disqualified.*

DECIDED MARCH 9, 1983.

*Kenneth C. Pollock,* for appellant.

*J. Ralph McClelland, Jr., Bruce H. Beerman, Lawrence K. Nodine, John W. Chambers,* for appellees.