### 76972. LATIMORE v. INTERNATIONAL BUSINESS INVESTMENTS, INC.
(375 SE2d 507)

CARLEY, Judge.

This action was initiated when RCT, Inc., filed a complaint which sought, among other relief, a declaratory judgment as to the amount of the commission which was admittedly owed by RCT, Inc., to appellee-defendant International Business Investments, Inc. for appellee's *past* services. It is clear that RCT's complaint failed to state a claim for declaratory relief against appellee. See *Oxford Fin. Cos. v. Dennis*, 185 Ga. App. 177 (363 SE2d 614) (1987). Appellee did not, however, file a motion to dismiss the claim for declaratory relief. Instead, appellee filed a "third-party complaint" against appellant third-party defendant Keith Latimore.

Appellee's third-party complaint did *not* purport to allege appellant's *secondary* liability to appellee for appellee's alleged primary liability to RCT, Inc. Compare *Cohen v. McLaughlin*, 250 Ga. 661 (301 SE2d 37) (1983). In fact, the third-party complaint could not have contained any viable allegations as to appellant's secondary liability because the issue that was raised in the main action concerned only the liability of RCT, Inc., to appellee, rather than any liability of appellee to RCT, Inc. The third-party complaint filed in this case unquestionably sought only to establish appellant's *direct* liability to appellee for the payment of the commission. Compare *Cohen v. McLaughlin*, supra. Therefore, appellee's third-party complaint clearly failed to state a viable third-party claim against appellant. OCGA § 9-11-14 "provides only for service of a third-party complaint against one 'who is or may be liable to [third-party plaintiff] for *all or part of the plaintiff's claim against him.*' It is a 'liable over' provision and does not authorize a defendant to seek affirmative and independent relief solely on his own behalf from one not a party to the action. [Cits.]" (Emphasis in original.) *Thigpen v. Koch*, 126 Ga. App. 182, 185 (1) (190 SE2d 117) (1972). See also *Knapp v. Lolley*, 177 Ga. App. 786 (341 SE2d 306) (1986).

Notwithstanding appellee's failure to have stated a viable third-

party claim against appellant, the trial court nevertheless granted summary judgment in favor of appellee. Appellant appeals from the trial court's grant of summary judgment for appellee on the "third-party complaint."

Appellant enumerates as error the trial court's granting of appellee's motion for summary judgment as to the non-viable third-party claim.

Appellant raised in his answer the defense of the failure of appellee's third-party complaint to state a claim against him. In opposition to appellee's motion for summary judgment, appellant again raised the failure of the third-party complaint to state a claim for relief as against him. In its order granting summary judgment, the trial court disposed of this defense by concluding that, "[i]n accordance with an earlier [consent] order of this Court dated May 5, 1987, [appellant] and Georgia Rental [Services, Inc.] are properly before this court as *Defendants.*" (Emphasis supplied.) However, if by the consent order, appellant had agreed that his proper status before the trial court was that of a *defendant* in the case, then he was appellee's co-defendant as to the main action. Therefore, he certainly could not be said to have given previous consent to his status as a proper *third-party* defendant in appellee's third-party claim.

Of course, notwithstanding its wording, it is possible to construe the consent order of May 5, 1987 to reflect agreement that appellant was "properly before" the trial court as a *third-party* defendant. However, even under this construction of the consent order, the trial court erred in granting summary judgment in favor of appellee. As appellant asserts on appeal, the mere fact that he may have agreed that he was properly before the court *as a third-party defendant* is significantly different from his agreement that *a proper third-party claim had been asserted against him* in his acknowledged capacity as a third-party defendant. The record reveals that, at the relevant times prior to the entry of the consent order, there was some controversy as to whether the third-party complaint had ever been properly served on appellant and appellant had yet to file an answer in the case. According to appellant, he had agreed to the terms of the consent order of May 5, 1987 merely to clarify this procedural issue of proper service upon him, and not for the further purpose of waiving his right to raise the substantive defense of the failure of the properly served third-party complaint to state a viable third-party claim against him. There is nothing in the record to indicate that this is not the correct construction to be given to the consent order of May 5, 1987. To the contrary, the record supports the construction of that order as addressing only the limited procedural issue of service. Appellant had not raised the OCGA § 9-11-12 (b) (6) defense at any point prior to the times relevant to the consent order, and it was not

until afterwards that he filed his answer and raised that substantive defense. This is entirely consistent with a limited construction of the consent order as having addressed only appellant's waiver of the procedural issue of service of the third-party complaint and not his waiver of the substantive OCGA § 9-11-12 (b) (6) defense. Accordingly, the consent order, as properly interpreted in the context of the record, merely reflects the parties' mutual agreement as to the proper service of appellee's third-party complaint upon appellant. It does not reflect appellant's unilateral pre-answer waiver of his OCGA § 9-11-12 (b) (6) defense to appellee's third-party complaint.

Appellant's defense of the failure to state a third-party claim against him was a viable and unwaived defense. "A defense of failure to state a claim upon which relief can be granted . . . may be made in any pleading permitted or ordered under subsection (a) of Code Section 9-11-7, or by motion for judgment on the pleadings, or at the trial on the merits." OCGA § 9-11-12 (h) (2). If appellee wishes to seek enforcement of appellant's *direct* liability for the commission, then appellee should itself institute a proper action for that purpose. Appellee's remedy in this case was to move to dismiss the original declaratory judgment proceeding which was filed against it by RCT, Inc., on the ground that it failed to state a claim. (See *Oxford Fin. Cos. v. Dennis*, supra). However, appellee cannot use that non-viable claim as a procedural device upon which to advance its own non-viable claim for direct and affirmative relief from appellant as a third-party defendant. In view of the appellant's viable and unwaived defense of the failure to state a third-party claim against him, the trial court erred in granting summary judgment for appellee.

*Judgment reversed. Deen, P. J., and Sognier, J., concur.*

DECIDED NOVEMBER 16, 1988.

Daniel W. Latimore, Jr., Edward B. Krugman, for appellant.
Land, McKnight & Newlin, Robert H. McKnight, Jr., Jeffrey L. Cohen, for appellees.