A92A0472. LUPTON v. THE LANDINGS COMPANY.
(420 SE2d 346)

BIRDSONG, Presiding Judge.

David W. Lupton, defendant and third-party plaintiff below, appeals from the grant of summary judgment in favor of The Landings Company, the third-party defendant. Lupton contends the trial court erred by granting summary judgment because material issues of fact remain for trial.

The record shows Lupton signed a contract with George and Sara Hills to purchase a lot on a certain future date for an amount specified in the contract and, in accordance with the contract, paid $10,000 as earnest money. Lupton, however, did not complete the purchase.

The record also shows that the contract provided specifically that The Landings was the Hills' agent and not Lupton's, and also provided that "if the sale is not consummated due to purchaser's default, the earnest money shall be applied to agent's commission hereunder and agent shall pay the balance, if any, to seller as seller's damages caused by purchaser's default." Thus, when Lupton did not complete the purchase, The Landings deducted from the earnest money the amount it was owed as its commission and paid the remainder to the Hills.

Later, the Hills sued Lupton for specific performance of the contract, and Lupton filed a third-party complaint against The Landings, the Hills' real estate agent, asserting that if the Hills prevailed in their action for specific performance, Lupton was entitled to recover from The Landings all or a portion of the Hills' recovery. Lupton's answer contended that under the contract it was the parties' intention that the Hills' only remedy would be retention of the earnest money or, if that was not the intention of the parties, there was no contract

because there was no meeting of the minds. Lupton, however, filed no counterclaim against the Hills seeking rescission of the contract or any other remedy.

Lupton's third-party complaint contended that he was entitled to recover from The Landings because he told The Landings' representative he could not purchase the Hills' house unless he sold his home in another state, The Landings' agent told him that the contract Lupton signed was only preliminary, was a "binder" for 60 days, and if he did not complete the sale, he would only lose his earnest money.

The Landings' motion for summary judgment asserted that the merger/integration clause in the sales contract prevents Lupton from relying on any contingency or condition not set forth in the contract, that Lupton did not justifiably rely on any representations made by the sellers' agent, that Lupton did not make an independent verification of the contractual terms and representations, and that Lupton did not come forward with sufficient evidence of fraudulent intent to create a genuine issue for trial. Lupton's response to this motion asserted that under the contract the Hills were only entitled to recover as damages for any breach of the contract a portion of the earnest money and that The Landings was not entitled to retain a portion of the earnest money that was used to pay its commission after Lupton refused to purchase the property. Lupton maintains The Landings was not entitled to a commission because he was not a ready, willing, and able purchaser so as to entitle The Landings to its commission. See OCGA § 10-6-32. *Held*:

Pretermitting whether material issues of fact remained, this was not a proper case for a third-party complaint. Our law permits a defendant to bring a third-party complaint against one who is not a party to the action, but "who is or may be liable to him for all or part of the [plaintiff's] claim" against him. OCGA § 9-11-14 (a). This section, however, does not authorize a defendant to file a third-party complaint to seek affirmative relief solely on his own behalf. The third-party complaint must be predicated on secondary or derivative liability, such as indemnity, subrogation or contribution. See *Hennessy Cadillac v. Pippin*, 197 Ga. App. 448, 449-450 (398 SE2d 725). Although Lupton's theory of recovery against The Landings is not entirely clear, it is clear that Lupton does not assert a claim against the Hills' agent, The Landings, which is based upon derivative or secondary liability. See *Southern R. Co. v. Union Camp Corp.*, 181 Ga. App. 691, 693 (353 SE2d 519).

Accordingly, this claim is not a proper third-party claim. The Landings, however, is not entitled to summary judgment as that would constitute a judgment on the merits of the claim. See *McCormick v. Rissanen*, 177 Ga. App. 623 (340 SE2d 268). Therefore, the grant of summary judgment is reversed and the trial court is directed

to dismiss Lupton's third-party claim without prejudice.

*Judgment reversed with direction. Beasley and Andrews, JJ., concur.*

DECIDED JUNE 24, 1992.

*Clark & Clark, Fred S. Clark,* for appellant.
*Barnard M. Portman, Miller, Simpson & Tatum, John M. Tatum, Robert A. Lewallen, Jr.,* for appellee.