A95A0674. HUFF et al. v. VALENTINE et al.
(457 SE2d 249)

BIRDSONG, Presiding Judge.

This is an interlocutory review of the order of the trial court denying appellants/defendants' motion to serve a third-party complaint on the grounds that "defendant has a federal action pending against this third-party defendant, Fruehauf Trailer Corporation, and may not prosecute two actions at the same time against the same defendant. See OCGA § 9-2-5."

Appellees filed suit for damages arising when a collision occurred between the tractor-trailer driven by appellant Tony D. Huff and a pickup truck driven by appellee Lewis Scott Valentine. At the time of the incident, appellant Huff was hauling a load of steel coil; when negotiating a curve, the Fruehauf trailer began to overturn and the load broke loose striking the pickup truck. Huff filed suit against Fruehauf Trailer Corporation in Barrow County but the suit was removed by Fruehauf to federal court. Shortly thereafter, appellees filed this suit in Fulton County against appellants for damages sustained due to the averred negligent operation of the tractor-trailer by appellant Huff. Appellant Huff moved to dismiss his pending action in federal court but the United States District Court denied the motion. Appellants then filed a joint motion to serve a third-party complaint against Fruehauf; the third-party complaint avers, inter alia, a claim of right to contribution or indemnity in the event liability is adjudged against any or all of appellants/defendants, and averred, inter alia, claims for property, medical, and lost wage damages sustained by appellant Huff. *Held:*

1. OCGA § 9-2-5 (a) provides: "No plaintiff may prosecute two actions in the courts at the same time for the same cause of action and against the same party. If two such actions are commenced simultaneously, the defendant may require the plaintiff to elect which he will prosecute. If two such actions are commenced at different times, the pendency of the former shall be a good defense to the latter."

OCGA § 9-2-44 (a) provides: "A former recovery or the pendency of a former action for the same cause of action between the same parties in the same or any other court having jurisdiction shall be a good cause of abatement. However, if the first action is so defective that no recovery can possibly be had, the pendency of a former action shall not abate the latter."

Pretermitting whether the federal suit involves the same parties and the same cause of action within the meaning of OCGA §§ 9-2-5

(a) and 9-2-44 (a), is the question whether these statutes pertain to prior suits filed in federal court. OCGA §§ 9-2-5 (a) and 9-2-44 (a) are closely related in effect and are to be considered and applied together. *Jones v. Rich's, Inc.*, 81 Ga. App. 841, 844 (60 SE2d 402); cf. *Rothstein v. Consuegra*, 153 Ga. App. 620 (266 SE2d 309). In *Inter-Southern Life Ins. Co. v. McQuarie*, 148 Ga. 233 (1) (96 SE 424), after recognizing that federal courts and state courts may be considered courts of separate jurisdictional sovereignties, it was concluded that "[t]he general rule is that the pendency of a prior suit in a District Court of the United States is not a bar to a suit in a state court between the same parties and for the same cause of action." Accord *Fludd v. Tiller*, 184 Ga. App. 93 (360 SE2d 647) (outright dismissal due to pendency of a prior federal action was inappropriate). Appellees' contention that the precedent of *McQuarie*, supra, applies only to OCGA § 9-2-44 (a) and not to OCGA § 9-2-5 (a) overlooks the repeated decisions of this court which have considered and applied these two statutes together in various case dispositions; to apply the precedent of *McQuarie*, supra, only to OCGA § 9-2-44 (a) would lead to an inconsistent result. "We have long ago departed that realm of law where runes and sigils supplant reason and substance." *Tuggle v. Tuggle*, 251 Ga. 845, 846 (310 SE2d 224). Additionally, appellees' contention overlooks the fact that the prohibition "contained in O.C.G.A § 9-2-5 (GCA § 3-601) is procedural, and the proper way to seek remedy for its abuse is a plea in abatement." Ga. Prac. & Proc. (6th ed.), p. 13, § 1-7, n. 2. The trial court abused its discretion in denying appellants' motion on the grounds of OCGA § 9-2-5.

The various cases cited by appellants, where a prior suit was not filed in federal court, are distinguishable and not controlling.

Appellees attempt to rely on the appellate principle that a correct ruling of a trial court will not be reversed regardless of the reason therefor. This general rule of appellate practice, however, is not without a well-settled exception; " '[o]rdinarily, a judgment right for any reason must be affirmed, but where it is apparent that the court rests its judgment on reasons which are erroneous or *upon an erroneous legal theory*, it commits reversible error.' " (Emphasis supplied.) *Ayers v. Yancey Bros. Co.*, 141 Ga. App. 358, 361 (2) (233 SE2d 471); accord *Derbyshire v. United Bldrs. Supplies*, 194 Ga. App. 840, 843 (1) (392 SE2d 37) and cases cited therein. The trial court based its ruling, at least in substantial part, upon an erroneous legal theory resulting in reversible error.

2. In view of our holding in Division 1 above, we need not address the remaining issues which we had requested the parties to discuss in their briefs. Though, in the interest of judicial economy we note, as a general rule, " '[a] party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim may

join, either as independent or as alternate claims, as many claims, legal or equitable, as he has against an opposing party.'" *Cohen v. McLaughlin*, 250 Ga. 661, 662 (2) (301 SE2d 37); see also OCGA §§ 9-11-18 (a); 9-11-14 and 51-1-32. However, "a claim properly joined as a matter of pleading need not be tried together with other claims, 'if fairness or convenience justifies separate treatment.'" *Cohen*, supra at 663. We decline to issue an advisory opinion addressing the scope of a trial court's discretion in this regard, except to recognize in order to protect and effectuate our judgment (Ga. Const. 1983, Art. VI, Sec. I, Par. IV) that such authority could not be used as a means of preventing appellants from filing a timely third-party complaint for indemnity and contribution.

*Judgment reversed. Johnson and Smith, JJ., concur.*

DECIDED APRIL 20, 1995.

*Dennis, Corry, Porter & Gray, William E. Gray II, Pamela J. Gray,* for appellants.

*James A. Goldstein, Patrick R. Matarrese,* for appellees.