A96A1330. SHLEIFER et al. v. BRIDGESTONE-FIRESTONE, INC.
(477 SE2d 405)

BEASLEY, Chief Judge.

The Shleifers appeal from the dismissal of their amended third-party complaint against Bridgestone-Firestone ("Firestone").

Detwiler sued the Shleifers for injuries caused by a collision in which David Shleifer was driving. A Firestone service store had performed brake work on the Shleifers' car, and David had retrieved it shortly before the incident. The Shleifers alleged that brake failure was the cause due to Firestone's negligence, in a third-party complaint against Firestone seeking indemnity and contribution. By amendment they included a claim against Firestone for physical damage to their own car.

The amended third-party complaint was dismissed on Firestone's motion for failure to state a claim upon which relief can be granted. See OCGA § 9-11-12 (b) (6). Firestone contends the Shleifers cannot join the claim that does not affect Detwiler (damage to the Shleifers' car) in an action in which Firestone has been made a party because of its actions that did affect Detwiler (i.e., alleged negligent brake work). It does not dispute that initial impleader was proper under theories of indemnity and contribution. See OCGA § 9-11-14 (a). Having been brought into the suit, the plain language of the statute concerning joinder of claims indicates that the claim may be added: "A party asserting a claim to relief as . . . [a] third-party claim may join, [as independent claims], as many claims, legal or equitable, as he has against an opposing party." OCGA § 9-11-18 (a).

Despite this language, Firestone urges the Shleifers can present only those claims which would be a proper basis for impleader under OCGA § 9-11-14 (a). That a third-party claimant can join independent claims is "a general rule." *Huff v. Valentine*, 217 Ga. App. 310, 311-312 (2) (457 SE2d 249) (1995). "However, 'a claim properly joined as a matter of pleading need not be tried together with other claims, "if fairness or convenience justifies separate treatment." ' [Cit.]" Id. at 312 (2). See OCGA § 9-11-42 (b). Whether a joined claim is tried with other claims does not affect the propriety of pleading.

Firestone cites *Michaels v. Kessler*, 191 Ga. App. 103 (381 SE2d

103) (1989), as authority for the position that the "decision of the trial court" must be affirmed if the court did not abuse its discretion. First, *Michaels* upheld the court's broad discretion to sever trial of claims under OCGA § 9-11-42 (b). Id. at 103 (1). It did not state the court had discretion to dismiss proper claims in the first instance, or to reject joinder of claims under OCGA § 9-11-18 (a). It did not address joinder at all, finding that the cross-complaint presented *no* claim of secondary liability, and impleader under OCGA § 9-11-14 (a) was not proper in any instance. Id. at 103-104. This case presents a different picture. Firestone does not dispute that relief is being sought on secondary liability. Compare *Lupton v. The Landings Co.*, 204 Ga. App. 651, 652 (420 SE2d 346) (1992); *Hennessy Cadillac v. Pippin*, 197 Ga. App. 448, 449-450 (398 SE2d 725) (1990). Firestone cites no authority for the proposition that joinder under OCGA § 9-11-18 (a) is discretionary, and we find none.

Nor is this a question of whether the court can, in its discretion, deny leave to implead more than ten days after a defendant makes his answer. See OCGA § 9-11-14 (a). Compare *Cherokee Nat. Life Ins. Co. v. Coastal Bank of Ga.*, 239 Ga. 800, 801-802 (1) (238 SE2d 866) (1977), which Firestone cites.

Second, our review of "the decision of the trial court" concerns whether the amended complaint states a claim upon which relief can be granted. The motion under OCGA § 9-11-12 (b) (6) " 'is not to be granted unless under the pleadings, construed in a light most favorable to the plaintiff, plaintiff can establish no set of facts that would entitle it to relief against the defendant. (Cits.)' [Cit.]" *Ga. North Contracting v. Haney & Haney Constr. &c.*, 204 Ga. App. 366, 368 (1) (b) (419 SE2d 348) (1992).

If the Shleifers' direct claims against Firestone cannot properly be joined under OCGA § 9-11-18 (a), dismissal under OCGA § 9-11-12 (b) (6) would be appropriate. But not only do OCGA § 9-11-18 (a) and *Huff*, supra, state joinder is appropriate, other case law agrees. In *Cohen v. McLaughlin*, 250 Ga. 661 (301 SE2d 37) (1983), the third-party complaint under OCGA § 9-11-14 (a) alleged both direct and secondary claims. The underlying suit was then settled and dismissed, and the trial court dismissed the third-party complaint which then had only direct claims remaining. The Supreme Court reversed, recognizing that when impleader is proper under OCGA § 9-11-14 (a), joinder under OCGA § 9-11-18 (a) permits the direct claims. They are properly before the court, and jurisdiction of them is not dependent upon continuation of the original suit. The court noted that OCGA § 9-11-18 (a) clearly provides for such joinder and joinder of the additional claims did not necessarily mean all claims need be tried together. *Cohen*, supra at 662-663 (2); accord *Huff*, supra; see OCGA § 9-11-42 (b).

The court may sever trial of the direct claims from the secondary claims, if appropriate. See *Cohen,* supra; *Huff,* supra. It may not dismiss the amended complaint merely because it contains properly joined issues that the court would prefer severed. The procedure is to recognize that the third-party defendant has been properly impleaded and the direct claims properly joined, and then determine whether severance under OCGA § 9-11-42 (b) is appropriate. The third-party plaintiff is not required to file a completely new suit and secure service of process anew when the law clearly allows it to join the direct claims.

*Munday v. State Farm Fire &c. Co.,* 172 Ga. App. 382, 383 (1) (323 SE2d 193) (1984), does not require dismissal. There direct and secondary claims were asserted in the original third-party complaint. In discussing its dismissal under OCGA § 9-11-14 (a), the court did not address the joinder provisions of OCGA § 9-11-18 (a), and there is no indication the operation of that Code section was raised in either the trial court or this Court. Consideration of OCGA § 9-11-18 (a) is necessary to decide this case. Since it is absent from *Munday,* that case does not control. "[Q]uestions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been decided so as to constitute precedent." *Chives v. State,* 214 Ga. App. 786, 788 (449 SE2d 152) (1994). The same is true of *Thigpen v. Koch,* 126 Ga. App. 182, 185 (1) (190 SE2d 117) (1972), and *deHaas v. Empire Petroleum Co.,* 286 FSupp. 809, 815 (Colo. 1968) (addressing Fed. R. Civ. P. 14 but not 18).

Firestone contends *Munday* does stand for the proposition that no direct cause of action can ever be included in a third-party practice case, and that it presents the general rule and *Cohen* provides an exception to the rule, applicable only when the underlying suit is settled. To the contrary, as noted above, *Munday* did not address OCGA § 9-11-18, but *Cohen* did, finding it properly applied to the direct claims. Firestone argues in support of its "exception" contention that *Cohen's* specific facts removed any danger of prejudice and inconvenience to the parties, but those are matters to be considered in determining the wisdom of severance under OCGA § 9-11-42 (b). Further, by recognizing the continuation of a direct claim brought through an OCGA § 9-11-14 (a) interpleader with an OCGA § 9-11-18 (a) joinder despite settlement of the underlying case, *Cohen* necessarily recognized that the joinder was proper in the first place. We could not, in *Munday* or otherwise, pronounce a rule that would render *Cohen* incorrect in that regard.

*Judgment reversed. Birdsong, P. J., and Blackburn, J., concur.*

*Irwin M. Ellerin, Mia I. Frieder, John A. Roberts*, for appellants.
*Holland & Knight, Alfred B. Adams III, C. Andrew Head, Sullivan, Hall, Booth & Smith, Roger S. Sumrall, Popham, Haik, Schnobrich & Kaufman, R. Benjamine Reid, Franklin H. Davidson*, for appellee.